SHIRLEY WILLIAMS *v.* KRISTINE D. RAGAGLIA,
COMMISSIONER OF CHILDREN AND FAMILIES
(AC 21158)

Mihalakos, Dranginis and Dupont, Js.

Argued April 27—officially released July 3, 2001

*Royal J. Stark,* with whom, on the brief, were *Eric
V. McGrew* and *Jason L. Smith,* certified legal interns,
for the appellant (plaintiff).

*Stephen G. Vitelli*, assistant attorney general, with whom, on the brief, were *Richard Blumenthal*, attorney general, and *Susan T. Pearlman*, assistant attorney general, for the appellee (defendant).

*Opinion*

MIHALAKOS, J. The plaintiff, Shirley Williams, appeals from the judgment of the trial court rendered after the granting of the motion filed by the defendant commissioner of children and families (commissioner) to dismiss her administrative appeal as moot. On appeal the plaintiff claims that (1) the court improperly found that the appeal was moot even though the plaintiff presently is suffering and will continue to suffer harm and adverse consequences from the defendant's final decision revoking her foster care license, and (2) the relief requested by the plaintiff on appeal is practical and within the jurisdictional authority of the Superior Court. We agree with the plaintiff and therefore reverse the judgment of the trial court.

The following facts and procedural history are relevant to our resolution of the plaintiff's appeal. In 1993, the department of children and families (department) issued a limited "special study"[1] foster care license to the plaintiff specifically for the care of two half-siblings, S and K, who are the children of the plaintiff's niece. In 1997, the department issued the plaintiff notice of its intent to revoke her foster care license. The department alleged that the plaintiff had failed to comply with foster care regulations. A hearing was conducted concerning the department's proposed revocation. On November 26, 1997, the hearing officer issued a proposed final decision. In the proposed decision, the hearing officer ruled that the plaintiff could retain her special license under the following conditions: (1) that the plaintiff, at

[1] A special study foster care license licenses the holder to provide foster care only for the children specifically identified in the license.

all times, maintain a list of at least three department-approved alternate caregivers; (2) that within sixty days of the decision, the plaintiff return to work and provide the department with sufficient proof of income; and (3) that the department perform unannounced visits at the plaintiff's home at least once a month for a period of six months.

On June 3, 1998, the commissioner remanded the matter of the revocation for further hearing on (1) the extent to which the plaintiff had complied with the conditions of the proposed final decision, (2) the best interests of S and K, and (3) the extent to which the plaintiff had complied with the department licensing regulations since the conclusion of the previous hearing. On June 21, 1999, a final decision issued, revoking the plaintiff's special license due to noncompliance with licensing regulations.[2] The department took action to remove S and K from the plaintiff's home. In response, the plaintiff filed a petition for a writ of habeas corpus to obtain the legal custody of S and K, and requested injunctive relief. On July 7, 1999, the plaintiff also filed a contemporaneous administrative appeal, and sought and obtained a stay of the decision revoking her license.

The department thereafter agreed to the sole custody and guardianship of S and K in the plaintiff, which resolved the petition for the writ of habeas corpus. After the transfer of custody of S and K to the plaintiff, the children no longer were committed to the department. As the children's legal guardian, the plaintiff no

---

[2] The department specifically alleges that the plaintiff allowed her daughter, a convicted drug felon, to be in her home, in violation of § 17a-145-152 of the Regulations of Connecticut State Agencies.

Section 17a-145-152 (a) of the Regulations of Connecticut State Agencies provides in relevant part: "The granting of a license or approval shall be denied if any member of the household of a foster family . . . (4) has been convicted of the possession, use, or sale of controlled substances within the past five (5) years . . . ."

longer required a special study foster care license. In light of that, on May 25, 2000, the commissioner filed a motion to dismiss the plaintiff's administrative appeal as moot. On June 27, 2000, after oral argument, the court dismissed the plaintiff's administrative appeal as moot. This appeal followed.

I

The plaintiff first claims that her administrative appeal is not moot in light of the fact that she suffers and will continue to suffer negative consequences resulting from the revocation of her special license. Specifically, the plaintiff asserts that simply because she currently is not caring for children classified as foster children does not mean that she will have no contact with the department in the future. The commissioner contends that there are no adverse consequences that can flow from the revocation of the plaintiff's special foster care license insofar as she is now the legal guardian, and future involvement with the department concerning those children is too remote to amount to an actual controversy. Although this court does not discount the commissioner's argument, it cannot be said that the revocation of any license, and the permanent record of that revocation in the department files, will not be consequential to a person who has accepted the responsibility of the care of foster children in her home. We agree with the plaintiff.

"Mootness deprives this court of subject matter jurisdiction. . . . The test for determining mootness is not [w]hether the [respondent] would ultimately be granted relief . . . . The test, instead, is whether there is any practical relief this court can grant the appellant. . . . [T]he existence of an actual controversy is an essential requisite to appellate jurisdiction; it is not the province of appellate courts to decide moot questions, disconnected from the granting of actual relief or from the

determination of which no practical relief can follow." (Internal quotation marks omitted.) *In re Amelia W.*, 62 Conn. App. 500, 505, 772 A.2d 619 (2001). "In determining mootness, the dispositive question is whether a successful appeal would benefit the plaintiff or defendant in any way." *Hechtman* v. *Savitsky*, 62 Conn. App. 654, 659, 772 A.2d 673 (2001).

We conclude that the plaintiff would benefit if the appeal is successful. Because she is the natural mother of minor children, and the legal guardian of S and K, who previously were wards of the department, she is a member of the class of persons that the department is specifically empowered to investigate and scrutinize. Furthermore, the plaintiff has a final judgment against her revoking her foster care license for cause. That information, of course, exists in the department's files, and (we must assume) the department will retain that information for future reference. Clearly, the judgment of revocation may affect the plaintiff in the future, should she again come under the scrutiny of the department. We conclude that the matter is not moot.

## II

The plaintiff next claims that the courts can provide her practical relief from the adverse affects of the final judgment revoking her license. We agree.

As previously discussed, we conclude that there is practical relief that can be granted to the plaintiff. Should the judgment of revocation be overturned, practical relief would be the benefit of having a clean record with the department should the plaintiff ever come under that agency's scrutiny again in the future. It is the opinion of this court that such a situation is a possibility. While it is unclear that the plaintiff will prevail in light of the technical nature of regulation and the claimed violation, she is entitled to a review of that administrative determination.

The judgment is reversed and the case is remanded for an adjudication of the merits of the administrative appeal.

In this opinion the other judges concurred.