[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: MOTION #116 MOTION TO DISMISS
In this action, petitioner, Salvatore Busetta, the father and former CT Page 2034 plenary guardian of Vincent Busetta challenges the 1999 decision of the West Haven Probate Court to appoint the respondent Diane Tenenbaum as plenary guardian for Vincent Busetta, a mentally retarded adult. The movant asserts that subsequent to filing of this action, the Probate Court, pursuant to the provisions of § 45a-681 of the Connecticut General Statutes, reviewed Vincent Busetta's guardianship and again appointed Ms. Tanenbaum as guardian. The movant further asserts that since this second appointment was not appealed this action is moot.
The Court has reviewed the file in this matter and has determined that the file does not contain any objections to the instant motion to dismiss.
The moving party asserts that the instant action should be dismissed for reason of mootness.
. . . [M]ootness implicates a court's subject matter jurisdiction;
Sadlowski v. Manchester, 206 Conn. 579, 583, (1988).
Board of Education v. Naugatuck, 257 Conn. 409, 412 (2001).
It is axiomatic that if the court lacks subject matter jurisdiction, it is without power to hear the matter before it. Therefore, the court must determine the jurisdictional issue "before it can move one further step in the cause; as any movement is necessarily the exercise of jurisdiction. " (Internal quotation marks omitted.) Blakeney v. Commissioner of Correction,47 Conn. App. 568, 572, 706 A.2d 989, cert. denied,244 Conn. 913, 713 A.2d 830 (1998).
Pinchbeck v. Dept. of Public Health, 65 Conn. App. 201, 208 (2001).
Section 10-31 of the Connecticut Practice Book concerns the grounds for a motion to dismiss. This section provides that:
(a) The motion to dismiss shall be used to assert (1) lack of jurisdiction over the subject matter, (2) lack of jurisdiction over the person, (3) improper venue, (4) insufficiency of process, and (5) insufficiency of service of process. This motion shall always be filed with a supporting memorandum of law, and where appropriate, with supporting affidavits as to facts not apparent on the record. CT Page 2035
 (b) Any adverse party who objects to this motion shall, at least five days before the motion is to be considered on the short calendar, file and serve in accordance with Sections 10-12 through 10-17 a memorandum of law and, where appropriate, supporting affidavits as to facts not apparent on the record.
(emphasis added)
As was previously noted, no objections were filed pursuant to the provisions of § 10-31 (b) of the Practice Book.
The movant asserts that this action is moot for reason that the guardianship complained of in the instant action expired and pursuant to the provisions of § 45a-681 of the Connecticut General Statutes. This statute concerns the review of a guardianship or a limited guardianship of a mentally retarded person. It provides that:
 (a) The court shall review each guardianship of the mentally retarded person or limited guardianship of the mentally retarded person at least every three years and shall either continue, modify or terminate the order for guardianship . . .
 (b) If the court determines, after receipt of the reports from the attorney for the ward, the Department of Mental Retardation professional or assessment team and the guardian, that there has been no change in the condition of the ward since the last preceding review by the court, a hearing on the condition of the ward shall not be required, but the court, in its discretion, may hold such hearing . . .
The movant asserts that pursuant to the provisions of the aforementioned statute, the West Haven Probate Court reviewed Mr. Vincent Busetta's guardianship, found that there had not been any change in conditions and then reappointed the respondent Tanenbaum as Mr. Busetta's guardian. The movant further asserts that the reappointment was done without any objections.
In support of its assertions, the movant provided the Court with a copy of an appointment of guardian for a mentally retarded person. Said appointment is dated October 31, 2001. Said document provides that there has not been any changes in conditions and that Diane Tanenbaum was appointed plenary guardian of the person of Vincent Busetta and that Salvatore and Antonina Busetta were appointed co-plenary standby CT Page 2036 guardians.
 "Mootness deprives this court of subject matter jurisdiction. . . . The test for determining mootness is not [w]hether the [respondent] would ultimately be granted relief. . . . The test, instead, is whether there is any practical relief this court can grant the appellant. . . . [T]he existence of an actual controversy is an essential requisite to appellate jurisdiction; it is not the province of appellate courts to decide moot questions, disconnected from the granting of actual relief or from the determination of which no practical relief can follow." (Internal quotation marks omitted.) In re Amelia W., 62 Conn. App. 500, 505, ___ A.2d ___ (2001). "In determining mootness, the dispositive question is whether a successful appeal would benefit the plaintiff or defendant in any way." Hechtman v. Savitsky, 62 Conn. App. 654, 659, ___ A.2d ___ (2001).
 Williams v. Ragaglia, 64 Conn. App. 171, 174 (2001).
Whereas there has been a subsequent review of the guardianship of Vincent Busetta by the West Haven Probate Court, and whereas said court ordered a reappointment of said guardianship, the guardianship that is the subject of the instant action has expired and even if the petitioner was successful in this matter it would not benefit him in anyway. The instant action was rendered moot by the action of the Probate Court, the motion to dismiss is therefore granted.
_________________________ Richard A. Robinson, J February 21, 2002