ROBERT GEORGE MAZZACANE ET AL. *v.* ROBERT
J. ELLIOTT ET AL.
(AC 21454)

Schaller, Bishop and West, Js.

Argued September 13—officially released November 26, 2002

*David G. Toro*, with whom, on the brief, was *John R. Williams*, for the appellants (plaintiffs).

*John W. Mills*, for the appellee (named defendant).

*Philip F. von Kuhn*, for the appellees (defendants Warren C. Favreau et al.).

BISHOP, J. This is an appeal from the judgment of the trial court rendered after a jury verdict in the plaintiffs' favor for personal injuries and lost wages resulting from an automobile accident. The plaintiff Robert George Mazzacane was awarded $5608 in economic damages and $5000 in noneconomic damages. His wife and coplaintiff Karen Mazzacane was awarded $500 for loss of consortium. The plaintiffs claim that the court improperly (1) denied their motion for an additur and to set aside the verdict as to damages, (2) directed a verdict in favor of the defendant Warren C. Favreau's employer, Parker X-Ray and Solution Services, Inc. (Parker X-Ray), and (3) tainted the entire trial by directing a verdict in favor of Parker X-Ray. We affirm the judgment of the trial court.

The following facts and procedural history are relevant to our resolution of the plaintiffs' appeal. Robert Mazzacane sought to recover damages for lost wages and for injuries sustained to his neck, lower back and shoulder as a result of an automobile accident that occurred when he was a passenger in a car that was operated by the defendant Warren C. Favreau and owned by Favreau's employer, Parker X-Ray. Karen Mazzacane sought to recover for loss of consortium.

The accident occurred on July 8, 1995, when Favreau's motor vehicle was rear-ended by a car driven by the defendant Robert J. Elliott. At trial, there was a dispute as to which of the defendants, Favreau or Elliott, had caused the accident. Furthermore, the proximate cause and extent of Robert Mazzacane's alleged injuries were contested vigorously due to a prior lower back surgery, a documented history of neck problems and a subsequent accident after which he brought an action for similar injuries.

At the close of all the evidence, Parker X-Ray requested that the court direct a verdict in its favor. The court ruled that Favreau had been acting outside the scope of his employment at the time of the accident and, therefore, directed a verdict in favor of Parker X-Ray.

Subsequently, the jury found in favor of the plaintiffs as against Elliott and determined that he bore sole responsibility for the accident. Thereafter, the plaintiffs filed a motion for an additur and to set aside the verdict as to damages. The court denied that motion and this appeal followed.

I

The plaintiffs first claim that the court improperly failed to grant their motion for an additur and to set aside the verdict as to damages. We disagree.

Before analyzing the issue before us, we first set forth the appropriate standard of review. "The trial court's refusal to set aside the verdict is entitled to great weight and every reasonable presumption should be given in favor of its correctness. . . . In reviewing the action of the trial court in denying [a motion for additur and]. . . . to set aside [a] verdict, our primary concern is to determine whether the court abused its discretion and we decide only whether, on the evidence presented, the jury could fairly reach the verdict [it] did. . . . Our task is to determine whether the total damages awarded falls somewhere within the necessarily uncertain limits of fair and reasonable compensation in the particular case . . . ." (Citation omitted; internal quotation marks omitted.) *Hunte* v. *Amica Mutual Ins. Co.*, 68 Conn. App. 534, 541, 792 A.2d 132 (2002).

Moreover, "[t]he existence of conflicting evidence limits the court's authority to overturn a jury verdict. The jury is entrusted with the choice of which evidence

is more credible and what effect it is to be given. . . . From the vantage point of the trial bench, a presiding judge can sense the atmosphere of a trial and can apprehend far better than we can, on the printed record, what factors, if any, could have improperly influenced the jury." (Citations omitted; internal quotation marks omitted.) *Beverly* v. *State*, 44 Conn. App. 641, 647, 691 A.2d 1093 (1997).

In the present case, the jury was presented with conflicting evidence concerning the nature and extent of Robert Mazzacane's injuries. The jury heard evidence that he had a prior history of neck pain and had undergone lower back surgery two weeks prior to the accident. It also heard that in the year following the accident, he had been involved in another motor vehicle accident after which he brought an action for neck and lower back injuries.

As to his lost wages, Robert Mazzacane admitted that he was not working at the time of the accident due to his prior lower back surgery. He also admitted that his lower back surgery contributed to his inability to return to work after the subject accident.

On the basis of the conflicting evidence before it, the jury could have reasonably concluded that Robert Mazzacane's injuries were caused or aggravated by factors other than the 1995 accident. Given the evidence before it, the jury reasonably could have attributed only a portion of the plaintiffs' alleged injuries and damages to that accident. Therefore, the court did not abuse its discretion in denying the plaintiffs' motion to set aside the verdict and for additur.

II

The plaintiffs next claim that the court improperly directed a verdict in favor of Parker X-Ray. We dismiss the plaintiffs' claim as moot.

"Mootness deprives this court of subject matter jurisdiction. . . . [T]he existence of an actual controversy is an essential requisite to appellate jurisdiction; it is not the province of appellate courts to decide moot questions, disconnected from the granting of actual relief or from the determination of which no practical relief can follow. . . . In determining mootness, the dispositive question is whether a successful appeal would benefit the plaintiff or defendant in any way." (Citations omitted; internal quotation marks omitted.) *Williams* v. *Ragaglia*, 64 Conn. App. 171, 174–75, 779 A.2d 803 (2001), aff'd, 261 Conn. 219, 802 A.2d 778 (2002).

In this case, the issue is moot because a successful appeal will not provide the plaintiffs any practical relief. Under the theory of vicarious liability advanced by the plaintiffs, Parker X-Ray could be liable only if Favreau, its employee, were found liable.[1] Because the jury found that Favreau was not liable for the accident, the plaintiffs would not be able to recover damages from Parker X-Ray.

### III

The plaintiffs' last claim is that the court improperly tainted the entire trial by directing a verdict in favor of Parker X-Ray. We decline to review that claim.

To prevail, plaintiffs must do more than assert unsubstantiated claims in their brief. *Szczerkowski* v. *Karmel-*

---

[1] In their revised complaint, filed October 30, 2000, the plaintiffs alleged in relevant part: "On or about July 8, 1995, at approximately 2:40 p.m., the plaintiff, Robert George Mazzacane, was a passenger occupying the right, front passenger seat of a 1992 Isuzu pick-up truck owned by the defendant, Parker X-Ray and Solution Service Inc. and being operated with the permission and consent of its owner, by the defendant, Warren C. Favreau . . . ." See also *Alvarez* v. *New Haven Register, Inc.*, 249 Conn. 709, 710–11, 735 A.2d 306 (1999) ("release executed in favor of an employee operates as a matter of law to release the employer whose sole liability is premised on the doctrine of respondeat superior").

*owicz*, 60 Conn. App. 429, 436, 759 A.2d 1050 (2000). The minds of appellate judges are swayed by thorough and rigorous legal analysis supported by citations to competent authority. *Quickpower International Corp.* v. *Danbury*, 69 Conn. App. 756, 760, 796 A.2d 622 (2002). When plaintiffs have failed to brief their claims adequately, this court repeatedly has declined to review them, as we deem them abandoned. *Strobel* v. *Strobel*, 64 Conn. App. 614, 623, 781 A.2d 356, cert. denied, 258 Conn. 937, 786 A.2d 426 (2001).

In the present case, the plaintiffs cite no instances of jury confusion, no competent legal authority and offer no arguments to support their claim. Under those circumstances, we decline to accept the plaintiffs' invitation to review their claim and to speculate as to whether the court's decision to direct a verdict in favor of Parker X-Ray affected the jury's ultimate determinations.

The judgment is affirmed.

In this opinion the other judges concurred.