NEW IMAGE CONTRACTORS, LLC *v.* THE VILLAGE
AT MARINER'S POINT LIMITED
PARTNERSHIP ET AL.
(AC 24241)

Schaller, Bishop and Mihalakos, Js.

Argued September 14—officially released December 28, 2004

*James F. Cirillo, Jr.*, for the appellant (defendant Mechanical Plumbing & Heating, Inc.).

*Gregory M. Harris*, for the appellee (named defendant).

*Opinion*

SCHALLER, J. The defendant Mechanical Plumbing & Heating, Inc. (Mechanical), appeals challenging the order of the trial court granting the motion filed by the defendant The Village at Mariner's Point Limited Partnership (Village) to discharge Mechanical's mechanic's lien on Village's premises. Mechanical claims that the court improperly concluded that the invalidity of the lien had been established by clear and convincing evidence. We dismiss the appeal as moot.

The following facts and procedural history are relevant to our disposition of this appeal. On October 24,

2001, the plaintiff, New Image Contractors, LLC (New Image), commenced an action to foreclose a mechanic's lien on Village's premises at 111 South Shore Drive in East Haven (premises).[1] New Image alleged that it had provided labor and materials for a construction project on the premises pursuant to an agreement with the defendant Peter J. Sangermano Construction, Inc. (Sangermano) and that Sangermano still owed $11,735.14 for the services and materials it had provided. In addition, New Image alleged that it had filed a mechanic's lien on the premises on October 20, 2001, and had provided the required notice to Village. In its complaint, New Image also named other lien holders, including Mechanical, as defendants.

On March 8, 2002, Mechanical filed a cross claim against Village, also seeking foreclosure of a mechanic's lien on the premises. Mechanical alleged that pursuant to an agreement with Sangermano, it had furnished labor on the premises owned by Village and that Sangermano still owed $189,763.61 for the labor it had provided. Mechanical alleged that it had filed a mechanic's lien on the premises on March 9, 2001.

On March 7, 2003, Village filed a motion to discharge or for a reduction of Mechanical's mechanic's lien.[2]

[1] On May 12, 2003, the trial court, *Munro, J.*, granted Village's motion to discharge the mechanic's lien filed by New Image and ordered that the lien be discharged in full because Village posted a $22,000 surety bond. General Statutes § 49-35b (b) provides, in relevant part, that a court, when ruling upon a motion for reduction or discharge of a lien, "may . . . order the lien discharged or reduce the amount of the lien conditioned upon the posting of a bond, with surety, in a sum deemed sufficient by the judge to indemnify the lienor for any damage which may occur by the discharge or the reduction of amount."

[2] General Statutes § 49-35a (c) provides in relevant part: "If an action for foreclosure of the lien is pending before any court, any party to that action may at any time prior to trial . . . move that the lien be discharged or reduced." The pretrial procedure provided by § 49-35a (c) "allows for a prompt and relatively inexpensive pretrial determination of the validity of a mechanic's lien prior to the trial of a foreclosure action." (Internal quotation marks omitted.) *New England Savings Bank* v. *Meadow Lakes Realty Co.*, 235 Conn. 663, 670, 668 A.2d 712 (1996).

Mechanical filed a request for oral argument on the motion, which the trial court granted. On May 12, 2003, the court, *Anthony V. DeMayo*, judge trial referee, held a hearing on the motion. The parties stated that another trial court was awaiting the outcome of the hearing so it could determine whether it would be necessary to proceed with the evidentiary hearing in Mechanical's foreclosure action scheduled for that same day. The parties agreed that the dispositive issue regarding the motion was whether Mechanical's failure to record a notice of lis pendens on the land records invalidated its mechanic's lien.

Village argued that the lien ceased to be valid after Mechanical failed to record a notice of lis pendens in the land records within one year from the date it filed the lien as required by General Statutes § 49-39.[3] Mechanical argued that because New Image had filed a lis pendens identifying Mechanical as a party to its foreclosure action and because Mechanical had commenced a foreclosure action by cross claim, Village had actual notice of the foreclosure action, which satisfied the lis pendens requirement of § 49-39.

Judge DeMayo concluded that Mechanical's failure to file a lis pendens was fatal to its mechanic's lien and ordered that the lien be discharged in full "because the invalidity of the lien has been established by clear and

---

[3] General Statutes § 49-39 provides in relevant part: "A mechanic's lien shall not continue in force for a longer period than one year after the lien has been perfected, unless the party claiming the lien commences an action to foreclose it, by complaint, cross-complaint or counterclaim, *and records a notice of lis pendens in evidence thereof on the land records* of the town in which the lien is recorded within one year from the date the lien was recorded or within sixty days of any final disposition of an appeal taken in accordance with section 49-35c, whichever is later. Each such lien, after the expiration of the one-year period or sixty-day period, as the case may be, without action commenced and notice thereof filed as aforesaid, shall be invalid and discharged as a matter of law. . . ." (Emphasis added.)

convincing evidence."[4] At the conclusion of the hearing, Judge DeMayo informed the parties that he would have the completed order delivered to the court scheduled to hear the foreclosure action. Later that day, Judge Munro, who presided over Mechanical's foreclosure action, issued a subsequent order regarding Village's motion to discharge the lien. Judge Munro used the same order page signed by Judge DeMayo, but ordered the lien discharged upon the posting of a $100 bond by Village.[5] On June 2, 2003, Village posted a $100 bond pursuant to the second order.

On May 16, 2003, Mechanical appealed challenging the first order discharging the mechanic's lien and filed an application for a stay of the order pending disposition of the appeal.[6] On June 2, 2003, Judge DeMayo granted the application for a stay on the condition that Mechanical post a surety bond sufficient to indemnify Village for any damages resulting from the stay.[7] On June 26, 2003, the parties agreed to the posting of a $10,000 bond. At oral argument on September 14, 2004, however, Mechanical conceded that it never posted the $10,000 bond.

---

[4] General Statutes § 49-35b (b) (2) provides in relevant part that a judge, when ruling upon a motion for reduction or discharge of a lien, "may . . . order the lien discharged if . . . (B) by clear and convincing evidence its invalidity is established . . . ."

[5] General Statutes § 49-35b (b) (4) provides in relevant part that a judge, when ruling upon a motion for reduction or discharge of a lien, "may . . . order the lien discharged or reduce the amount of the lien conditioned upon the posting of a bond, with surety, in a sum deemed sufficient by the judge to indemnify the lienor for any damage which may occur by the discharge or the reduction of amount."

[6] General Statutes § 49-35c (a) provides that an order discharging a mechanic's lien is an appealable final judgment. Subsection (b) provides that any appeal must be taken within seven days, that the effect of the order is automatically stayed during the seven day period and that the appealing party must apply for a further stay within the seven day period.

[7] General Statutes § 49-35c (c) (4) provides that when ruling on an application for a stay of an order discharging or reducing a mechanic's lien, a court may condition the granting of the stay on the giving of a bond.

On December 15, 2003, Village filed a motion to dismiss the appeal, arguing that the lien was discharged on June 2, 2003, when it posted the $100 bond pursuant to the second order, thus rendering Mechanical's appeal from the first order moot. On December 26, 2003, Village filed another motion to dismiss the appeal, arguing that the appeal was also moot because the conditional stay ordered by Judge DeMayo expired when Mechanical failed to post the $10,000 bond. On January 21, 2004, this court denied the motions without prejudice and ordered the parties to brief the mootness issues. Additional facts will be set forth as necessary.

On appeal, Mechanical claims that Judge DeMayo improperly discharged its mechanic's lien on Village's premises. Specifically, it contends that it was improper to conclude that the invalidity of the lien had been established by clear and convincing evidence. Mechanical argues that its failure to file its own lis pendens, as required by § 49-39, was not fatal to its mechanic's lien because the purpose of the statute—to give constructive notice to persons seeking to purchase or encumber the premises—was satisfied when New Image filed a lis pendens identifying Mechanical as a party to a foreclosure action. Village counters by arguing that (1) the appeal is moot[8] and (2) Judge DeMayo's conclusion regarding the invalidity of Mechanical's lien was proper

---

[8] As ordered by this court, the parties briefed the mootness issue. Village argues that because appellate review of a discharge order cannot reinstate a lien that has been effectively discharged or give any other practical relief, the appeal is moot. Specifically, it argues that the lien was effectively discharged (1) when it posted the $100 bond ordered by Judge Munro and subsequently recorded a certified copy of the second order on the land records and (2) when Mechanical failed to post the $10,000 bond that was a condition of Judge DeMayo's granting of the application to stay the first order. Mechanical counters that the lien remains in place because it was not effectively discharged and that, therefore, the appeal is not moot. We do not consider these arguments because we conclude that the appeal is moot on different grounds.

because Mechanical failed to record a notice of lis pendens as required by § 49-39.[9]

We first address whether the appeal is moot. Our standard of review regarding mootness is well settled. Mootness is a threshold issue that implicates subject matter jurisdiction, which "imposes a duty on the court to dismiss a case if the court can no longer grant practical relief to the parties." *Hechtman* v. *Savitsky*, 62 Conn. App. 654, 657, 772 A.2d 673 (2001). "Mootness presents a circumstance wherein the issue before the court has been resolved or had lost its significance because of a change in the condition of affairs between the parties." (Internal quotation marks omitted.) *Twichell* v. *Guite*, 53 Conn. App. 42, 51, 728 A.2d 1121 (1999). "[T]he existence of an actual controversy is an essential requisite to appellate jurisdiction; it is not the province of appellate courts to decide moot questions, disconnected from the granting of actual relief or from the determination of which no practical relief can follow. . . . In determining mootness, the dispositive question is whether a successful appeal would benefit the plaintiff or defendant in any way." (Internal quotation marks omitted.) *Mazzacane* v. *Elliott*, 73 Conn. App. 696, 701, 812 A.2d 37 (2002).

In this case, on May 12, 2003, following a hearing on Village's motion to discharge, Judge DeMayo ordered that the lien be discharged in full, concluding that the invalidity of the lien had been established by clear and

---

[9] Village also contends that the first order must be affirmed because the record on appeal is insufficient to review the basis of Judge DeMayo's decision to order the lien discharged. Because we conclude that the appeal is moot, we need not consider this argument. We note, however, that we relied on an unsigned transcript of the hearing conducted by Judge DeMayo when setting forth the facts and procedural history of this case. This court has the discretion to rely on such a transcript if it "contains a sufficiently detailed and concise statement of the trial court's findings." (Internal quotation marks omitted.) *State* v. *Nesteriak*, 60 Conn. App. 647, 651 n.6, 760 A.2d 984 (2000).

convincing evidence.[10] Later that day, Judge Munro, using the same order page signed by Judge DeMayo, ordered the lien discharged upon the posting of a $100 bond by Village. Both orders were made pursuant to General Statues § 49-35b (b), which provides in relevant part that, when ruling upon a motion for reduction or discharge of a lien, "the court or judge may: (1) Deny the application or motion if probable cause to sustain the validity of the lien is established; or (2) *order the lien discharged if* (A) probable cause to sustain its validity is not established, or (B) *by clear and convincing evidence its invalidity is established*; or (3) reduce the amount of the lien if the amount is found to be excessive by clear and convincing evidence; or (4) *order the lien discharged* or reduce the amount of the lien *conditioned upon the posting of a bond, with surety, in a sum deemed sufficient by the judge to indemnify the lienor for any damage which may occur by the discharge or the reduction of amount.*" (Emphasis added.) Judge DeMayo expressly made his discharge order pursuant to § 49-35b (b) (2) (B). Judge Munro, by ordering a bond, implicitly made her discharge order pursuant to § 49-35b (b) (4). Because it was made pursuant to a different statutory provision and was made subsequent to the first order, we conclude that the second order superseded the first order as the operative discharge order.

While a seven day stay automatically followed the first order as provided by General Statutes § 49-35c (b), we conclude that the stay did not prevent Judge Munro from making a discharge order that superseded the first order. General statutes § 49-35c (b) provides in relevant part: "The effect of the [discharge] order shall be automatically stayed for the seven-day [appeal] period.

---

[10] Judge DeMayo checked this option on an order form that accompanied Village's motion. That form was similar to the order form required by General Statutes § 49-35a (b).

. . ." This subsection must be read in conjunction with subsection (d), which provides: "Any order of discharge or reduction or any order of any such stay shall take effect upon recording of a certified copy thereof in the office of the town clerk in which such lien was originally recorded. The clerk of the court in which any such order is issued shall not deliver any certified copies thereof until the time for taking an appeal has elapsed or, if an appeal is taken and an application for a stay of the order is filed, until such time as a decision granting or denying the stay has been rendered." Together, these provisions prevent a § 49-35b discharge order from *taking effect* during the seven day appeal period. The seven day stay, however, does not prevent a court from replacing a prior § 49-35b discharge order with a new order during a subsequent proceeding.

Although a § 49-35b discharge order is considered to be a final judgment for purposes of appeal pursuant to § 49-35c (a), it properly may be considered as an order or ruling on a motion for other purposes. As such, there is nothing to prevent it from being superseded by another discharge order made during a subsequent proceeding in the same case. When considering the law of the case doctrine, our Supreme Court has stated that "[a] judge is not bound to follow the decisions of another judge made at an earlier stage of the proceedings, and if the same point is again raised he has the same right to reconsider the question as if he had himself made the original decision. . . . [A] judge may, in a proper case, vacate, modify, or depart from an interlocutory order or ruling of another judge in the same case, upon a question of law." (Citations omitted; internal quotation marks omitted.) *Breen* v. *Phelps*, 186 Conn. 86, 98–99, 439 A.2d 1066 (1982).

Mechanical has appealed only from the first order.[11] As previously discussed, this order was superseded by

[11] While we conclude that the first order was not the operative order, we also note that although Mechanical appealed from this order within the

the second order. We therefore conclude that Mechanical's appeal is moot. An appeal is moot when "the issue before the court has been resolved or had lost its significance because of a change in the condition of affairs between the parties." *Twichell* v. *Guite*, supra, 53 Conn. App. 51. The issue of whether Judge DeMayo improperly discharged the lien because Mechanical failed to file its own lis pendens as required by § 49-39 became moot when the first order was superseded by the second order.

Following the second order, Mechanical retained the benefit of the seven day statutory stay provided by § 49-35c (b). Mechanical also was entitled to take an appeal from the second order, but failed to do so during the seven day appeal period provided by § 49-35c (b). Once the automatic stay expired, Village complied with the second order by posting the $100 bond and effectively discharged the lien by following the procedures provided by § 49-35c (d).[12]

The appeal is dismissed.

In this opinion the other judges concurred.

---

appeal period and filed an application requesting a further stay pursuant to § 49-35c (b), it failed to post the $10,000 bond as ordered by Judge DeMayo's conditional granting of the stay.

[12] Judge Munro's ruling on the motion is entitled to a reasonable presumption of validity. "The general rule that a judgment, rendered by a court with jurisdiction, is presumed to be valid and not clearly erroneous until so demonstrated raises a presumption that the rendering court acted only after due consideration, in conformity with the law and in accordance with its duty. . . . It is important to recognize that a claim of error cannot be predicated on an assumption that the trial court acted incorrectly. . . . Rather, we are entitled to assume, unless it appears to the contrary, that the trial court . . . acted properly . . . ." (Citations omitted; internal quotation marks omitted.) *Johnson* v. *de Toledo*, 61 Conn. App. 156, 161–62, 763 A.2d 28 (2000), appeal dismissed, 258 Conn. 732, 785 A.2d 192 (2001).