# JP MORGAN CHASE BANK, TRUSTEE *v.* ALBERT S. RODRIGUES ET AL.
## (AC 32547)

DiPentima, C. J., and Alvord and West, Js.

Argued October 20, 2011—officially released January 3, 2012

*Daniel Shepro*, for the appellants (named defendant et al.).

*Geoffrey K. Milne*, for the appellee (plaintiff).

DiPENTIMA, C. J. The defendants Albert S. Rodrigues and Marie Rodrigues[1] appeal from the judgment of foreclosure by sale rendered in favor of the plaintiff, JP Morgan Chase Bank, Trustee. On appeal, the defendants claim that the court improperly struck two of their special defenses. We dismiss the defendants' appeal as moot.

This court previously has set forth the following facts and procedural history of this case. "In September, 2004, the plaintiff filed a complaint in one count against the defendants seeking a foreclosure of a mortgage, possession of the mortgaged property, a deficiency judgment, money damages, attorney's fees, costs and interest. In its complaint, the plaintiff alleged that it was an assignee of a note and mortgage executed by the defendants in favor of Citicorp Mortgage, Inc. The plaintiff further alleged that it was now the owner and holder of the note and mortgage.

"In November, 2004, the defendants filed an answer, special defenses, a counterclaim and setoffs. The defendants alleged four special defenses: estoppel on the basis of the failure to honor a forbearance agreement, estoppel on the basis of a breach of the implied covenant of good faith and fair dealing in not honoring the forbearance agreement, estoppel on the basis of the failure to provide an accounting and estoppel on the basis of a breach of the forbearance agreement.

"In addition, the defendants alleged a three count counterclaim and setoff. The first count of the counterclaim alleged that the defendants 'entered into an

---

[1] The plaintiff also named as defendants the United States Internal Revenue Service, the state department of revenue services, Sam Melilli and Esther Melilli. At issue in this appeal is whether the court properly struck the special defenses of Albert S. Rodrigues and Marie Rodrigues. We therefore refer in this opinion to these two individuals as the defendants.

agreement of forbearance with the plaintiff's predecessor in interest.' This count alleged that the plaintiff 'took the note and mortgage while in default subject to the forbearance agreement' and that the defendants made payments according to the forbearance agreement but that the plaintiff failed to honor the agreement. The defendants further alleged that the plaintiff at first denied that it took the mortgage subject to the forbearance agreement. When, at the insistence of the defendants' attorney, the plaintiff reviewed the agreement, it still failed to honor the agreement. It instead insisted that the defendants execute another agreement and threatened foreclosure if they did not do so even though the balance stated in that new agreement was incorrect. The defendants claimed emotional distress as a result of the claimed threats of foreclosure and the plaintiff's allegedly requiring the defendants to execute another agreement. In the second count of the counterclaim, the defendants incorporated by reference the facts set forth in the first count of the counterclaim. This second count alleged that the plaintiff acted recklessly, wantonly and without regard for, and contrary to, the forbearance agreement. This count further alleged that the plaintiff wrongfully and intentionally inflicted emotional distress on the defendants. The third count of the counterclaim likewise incorporated by reference the facts set forth in the previous counts of the counterclaim and claimed a violation of the Connecticut Unfair Trade Practices Act (CUTPA). See General Statutes § 42-110a et seq.

"The plaintiff thereafter filed a motion to strike the defendants' special defenses, counterclaim and setoffs, which the court, *Richards, J.*, granted. In response to a motion filed by the plaintiff, the court, *Matasavage, J.*, rendered judgment on the stricken counterclaim." *JP Morgan Chase Bank, Trustee* v. *Rodrigues*, 109

Conn. App. 125, 127–28, 952 A.2d 56 (2008). The defendants appealed from the judgment.

In that appeal, the defendants claimed that the court improperly granted the plaintiff's motion to strike their special defenses, counterclaim and setoffs. Id., 126–27. We affirmed the judgment of the court with respect to the counterclaim and setoffs. Id., 131–35. In addition, we concluded that the court's granting of the motion to strike the defendants' special defenses was not a final judgment and dismissed that portion of the appeal. Id., 129–30.

Following our decision, a trial was held on January 12 and 13, 2010. As set forth in its July 14, 2010 memorandum of decision, the court, *Hartmere, J.*, found that the mortgage loan initially had become delinquent in 1993. In 1998, the defendants acknowledged their indebtedness to Ocwen Federal Bank, FSB, the then holder of the mortgage. In March, 2000, the defendants entered into a forbearance agreement. In June, 2002, the loan servicing center, Fairbanks Capital Corp. (Fairbanks), and the defendants entered into an agreement regarding repayment. In this agreement, the defendants acknowledged the existence of the loan, the fact that they were in default and that they were unable to pay the entire amount due. Pursuant to the agreement, Fairbanks agreed not to enforce its rights in exchange for monthly payments of $5675 from July 25, 2002, through May 25, 2003. After all of these payments were made, Fairbanks agreed to reevaluate the defendants' financial status, and the defendants agreed to resume regular monthly payments pursuant to the terms of the original loan effective June 1, 2003. The agreement specifically stated that the loan was not reinstated. The defendants also expressly acknowledged that they did not have a "claim, defense, offset or counterclaim whatsoever against [Fairbanks] with respect to the Loan."

In June, 2003, the servicing of the loan was transferred to GMAC Mortgage Corporation and the loan was reevaluated pursuant to the terms of the 2002 agreement. In lieu of initiating a foreclosure action, a 2004 agreement was executed, and the defendants then made payments pursuant to the later agreement. The court concluded that the defendants "thereby ratified the 2004 repayment agreement and extinguished the 2002 agreement." The court also found that the defendants breached the 2002 agreement as a result of a check from the defendants that was returned for insufficient funds in 2004.

The court then found that the defendants' claim that the mortgage foreclosure violated the 2002 agreement on the basis of a violation of the implied covenant of good faith and fair dealing failed "as a matter of fact and law." Specifically, the court concluded that generally the covenant of good faith and fair dealing cannot be used to achieve a result contrary to the express terms of a contract.

Ultimately, the court concluded that the note and mortgage were in default for nonpayment, the plaintiff was the owner of the note and related loan documents, and there was no equity in the property. The court further found the debt, exclusive of attorney's fees and costs, to be $818,491.31.[2] It rendered a judgment of foreclosure by sale. This appeal followed.

On appeal, the defendants' sole claim is that the court improperly struck two of their special defenses.[3] The

[2] The court found the attorney's fees to be $38,483 and costs in the amount of $5184.26.

[3] Specifically, the defendants claim that the court improperly struck the first and fourth special defenses. The first special defense alleged that the plaintiff "took the note and mortgage subject to the forbearance agreement," that it failed to honor that agreement and that accordingly it should be estopped from collecting the loan and proceeding with foreclosure. The fourth special defense alleged that the defendants substantially honored the forbearance agreement, but the plaintiff failed to do so, and therefore the

plaintiff counters, inter alia, that the appeal should be dismissed as moot because this court cannot grant the defendants any practical relief. We agree with the plaintiff.

"Mootness implicates [the] court's subject matter jurisdiction and is thus a threshold matter for us to resolve. . . . It is a well-settled general rule that the existence of an actual controversy is an essential requisite to appellate jurisdiction; it is not the province of appellate courts to decide moot questions, disconnected from the granting of actual relief or from the determination of which no practical relief can follow. . . . An actual controversy must exist not only at the time the appeal is taken, but also throughout the pendency of the appeal. . . . When, during the pendency of an appeal, events have occurred that preclude an appellate court from granting any practical relief through its disposition of the merits, a case has become moot . . . . Because mootness implicates subject matter jurisdiction, it presents a question of law over which our review is plenary." (Citation omitted; internal quotation marks omitted.) *New Hartford* v. *Connecticut Resources Recovery Authority*, 291 Conn. 502, 506–507, 970 A.2d 578 (2009); see also *Chase Manhattan Mortgage Corp.* v. *Burton*, 81 Conn. App. 662, 664, 841 A.2d 248, cert. denied, 268 Conn. 919, 847 A.2d 313 (2004). The dispositive question, therefore, is whether a successful appeal would benefit the defendants in any way. See *Lyon* v. *Jones*, 291 Conn. 384, 394, 968 A.2d 416 (2009).

In their appeal, the defendants have challenged only the court's decision to strike two of their special defenses, both of which pertained to the forbearance agreement. The defendants have not challenged the

plaintiff should be estopped from claiming a default and should reinstate the mortgage note.

foreclosure judgment, including the court's findings that either the forbearance agreement was extinguished or violated by the defendants. In other words, even if we were to agree with the defendants as to the propriety of the striking of the special defenses, the court's findings and legal conclusions as to the foreclosure judgment remain in effect. See *Housing Authority* v. *Davis*, 57 Conn. App. 731, 733, 750 A.2d 1148, cert. denied, 254 Conn. 901, 755 A.2d 218 (2000); see also *Lyon* v. *Jones*, supra, 291 Conn. 394–95. This court, therefore, cannot afford the defendants any practical relief because the court's findings that (1) the note and mortgage were in default for nonpayment by the defendants and (2) the plaintiff was the owner of the note and related loan documents remain valid, regardless of how we might rule on the striking of the special defenses. Simply put, the defendants have failed to challenge any of the court's conclusions with respect to the foreclosure judgment, including those that related to the forbearance agreement and cannot do so at this time. Accordingly, we cannot grant the defendants any practical relief, and, therefore, the appeal must be dismissed as moot.

The appeal is dismissed.

In this opinion the other judges concurred.