******************************************************

The "officially released" date that appears near the beginning of each opinion is the date the opinion will be published in the Connecticut Law Journal or the date it was released as a slip opinion. The operative date for the beginning of all time periods for filing postopinion motions and petitions for certification is the "officially released" date appearing in the opinion. In no event will any such motions be accepted before the "officially released" date.

All opinions are subject to modification and technical correction prior to official publication in the Connecticut Reports and Connecticut Appellate Reports. In the event of discrepancies between the electronic version of an opinion and the print version appearing in the Connecticut Law Journal and subsequently in the Connecticut Reports or Connecticut Appellate Reports, the latest print version is to be considered authoritative.

The syllabus and procedural history accompanying the opinion as it appears on the Commission on Official Legal Publications Electronic Bulletin Board Service and in the Connecticut Law Journal and bound volumes of official reports are copyrighted by the Secretary of the State, State of Connecticut, and may not be reproduced and distributed without the express written permission of the Commission on Official Legal Publications, Judicial Branch, State of Connecticut.

******************************************************

STATE OF CONNECTICUT *v.* HAIDAR
MUSTAFA ABUSHAQRA
(AC 36012)

Alvord, Prescott and Harper, Js.

*Argued May 14—officially released September 30, 2014*

(Appeal from Superior Court, judicial district of
Hartford, geographical area number twelve, C.
Taylor, J.)

*Michael J. Dyer*, with whom was *Ryan P. Barry*, for
the plaintiff in error (A OK Bail Bonds, LLC).

*Matthew A. Weiner*, deputy assistant state's attorney,
with whom, on the brief, were *Kevin T. Kane*, chief
state's attorney, *Gail P. Hardy*, state's attorney, and
*Anthony J. Spinella*, assistant state's attorney, for the
defendant in error.

*Opinion*

HARPER, J. The plaintiff in error, A OK Bail Bonds, LLC (plaintiff), brings this writ of error[1] to challenge the trial court's denial of its motion to file a memorandum of law under seal, pursuant to Practice Book § 7-4B, in support of its motion for release of the plaintiff from its obligations pursuant to the relevant bail bonds (motion for release).[2] The plaintiff claims that the court improperly denied its motion to file the memorandum of law under seal because (1) it failed to weigh the public's interest in disclosure against the interests asserted in favor of filing the memorandum of law under seal, and (2) it failed to provide the public with an opportunity to be heard on the motion. The defendant in error, Kevin T. Kane, the chief state's attorney (defendant), argues that the writ should be dismissed as moot because the plaintiff did not also seek review of the court's denial of its motion for release, and, therefore, this court cannot grant any practical relief. We agree with the defendant and accordingly dismiss the writ of error.

The following undisputed facts and procedural history are relevant to the plaintiff's claims. Haidar Mustafa Abushaqra was arrested on three separate occasions for larceny related charges. After each arrest, he was released on a separate surety bond. The three bonds totaled $350,000, and all the bonds were executed by the plaintiff. On February 1, 2012, Abushaqra failed to appear in court as ordered, and, as a result, the court ordered the bonds forfeited and raised his bail to $1 million in each of his pending criminal cases. The court ordered a six month statutory stay on the forfeiture of the bonds pursuant to General Statutes § 54-65a (a) (3).[3]

On August 6, 2012, the plaintiff filed the motion for release of its obligations pursuant to the subject bonds. On September 11, 2012, the plaintiff filed a motion to file under seal its memorandum of law in support of the motion for release (motion to seal). In its memorandum of law in support of the motion to seal, the plaintiff argued that "there is a strong interest in having [its] [m]emorandum in [s]upport of [the motion for release] sealed, and this interest undoubtedly overrides the public's interest in disclosure." The plaintiff lodged the memorandum of law with the trial court in accordance with Practice Book § 7-4C.[4] At a September 26, 2012 hearing on the motion to seal, the plaintiff argued that the presumption that documents filed with the court shall be open to the public, as articulated in Practice Book § 11-20A (a),[5] was overcome by (1) Abushaqra's sixth amendment right to a fair trial; (2) the plaintiff's privacy interest concerning the information in the record;[6] and (3) a "safety concern."

The court asked the plaintiff whether it could review the memorandum of law in support of the motion for

release in camera. The plaintiff refused, and the court subsequently denied the motion to seal. It reasoned that the plaintiff had only provided a "blanket statement" as to why the memorandum of law needed to be filed under seal. The court stated: "Based on the information which has been provided to me, I do not find very sufficient reason to seal this particular document. . . . [Y]ou have set forth in your argument . . . various things. But, I don't believe that your argument on the record, which is what I must rely upon, gives me sufficient indicia to go forth and seal this particular document to any extent. Without the ability to review the document in camera . . . I have nothing else to go on other than the arguments of what basically it is. So based on that, the motion to file the record under seal is denied."[7]

On October 22, 2012, the court denied the plaintiff's motion for release. The plaintiff filed this writ of error[8] claiming "that the court failed to weigh the public's interest against the [plaintiff's] interest in deciding its motion to file record under seal. Further, the court failed to afford the public a chance to be heard at the hearing and failed to provide a written decision on the motion and publish said decision." The writ of error challenges the court's interlocutory ruling denying the motion to file the memorandum of law under seal. The defendant argues, however, that this court should dismiss the writ of error as moot. In this regard, the defendant argues that this court is unable to afford the plaintiff any practical relief in connection with the writ of error because the plaintiff did not seek appellate review of the trial court's denial of the motion for release. We agree.

Mootness raises the issue of subject matter jurisdiction and is a threshold matter over which we exercise plenary review. *Lyon* v. *Jones*, 291 Conn. 384, 392, 968 A.2d 416 (2009). "It is a well-settled general rule that the existence of an actual controversy is an essential requisite to appellate jurisdiction; it is not the province of appellate courts to decide moot questions, disconnected from the granting of actual relief or from the determination of which no practical relief can follow." (Internal quotation marks omitted.) *JP Morgan Chase Bank, Trustee* v. *Rodrigues*, 132 Conn. App. 757, 762, 34 A.3d 1001 (2012). "Mootness presents a circumstance wherein the issue before the court has been resolved or had lost its significance because of a change in the condition of affairs between the parties. . . . In determining mootness, the dispositive question is whether a successful appeal would benefit the plaintiff or defendant in any way." (Citation omitted; internal quotation marks omitted.) *New Image Contractors, LLC* v. *Village at Mariner's Point Ltd. Partnership*, 86 Conn. App. 692, 698, 862 A.2d 832 (2004). "[When] no practical benefit could follow from the determination of the questions sought to be raised by the appeal, it

is not incumbent upon us to decide them." (Internal quotation marks omitted.) *Reynolds* v. *Vroom*, 130 Conn. 512, 515, 36 A.2d 22 (1944).

We conclude that we cannot grant the plaintiff any practical relief, and, therefore, the writ of error should be dismissed as moot. The plaintiff claims that the trial court erred in denying its motion to seal. The plaintiff never challenged, however, the judgment denying the motion for release by amending this writ of error or by filing a new writ of error from the judgment denying the motion for release. Even if we were to agree with the plaintiff as to its claim that it should have been permitted to file the memorandum of law under seal, the judgment with respect to the motion for release would remain in effect.[9] See *JP Morgan Chase Bank, Trustee* v. *Rodrigues*, supra, 132 Conn. App. 762–63; see also *Lyon* v. *Jones*, supra, 291 Conn. 395. The plaintiff would not receive a practical benefit from a decision in its favor, and, as a result, we dismiss the writ of error as moot. See *Reynolds* v. *Vroom*, supra, 130 Conn. 515.[10]

The writ of error is dismissed.

In this opinion the other judges concurred.

[1] The plaintiff initially filed this writ of error with the Supreme Court, which subsequently transferred the writ to this court pursuant to Practice Book § 65-1.

[2] The writ of error was served and filed after the court rendered its decision denying the plaintiff's motion for release. Because we dismiss the writ of error as moot on the basis of the plaintiff's failure to challenge the denial of the motion for release, we do not address any final judgment implications raised by the pleadings or the parties.

[3] In addition to forfeiting the bonds relevant to this writ of error, the court also ordered the forfeiture of two other bonds, totaling $300,000, executed by Capitol Bail Bonds, LLC (Capitol) to secure Abushaqra's release with respect to two other larceny charges. The court denied Capitol's motion to extend the stay beyond the six month statutory period. Capitol filed a writ of error claiming that the court improperly denied the motion, and this court dismissed the writ as moot. See *State* v. *Abushaqra*, 151 Conn. App. 319, 321, A.3d (2014).

[4] "A 'lodged' record is a record that is temporarily placed or deposited with the court but not filed." Practice Book § 7-4C (a). If the court denies a motion to file record under seal, the moving party may request in writing that the record remain lodged with the court. Practice Book § 7-4C (e). This preserves the record in question for purposes of appellate review of the denial of the motion to file record under seal.

[5] Although the underlying case was criminal in nature, the court treated the bond forfeiture proceeding as "essentially a civil matter," and, therefore, the motion to file a memorandum of law under seal was governed by Practice Book § 11-20A.

[6] The court inquired into the privacy interest at stake, and the plaintiff responded: "I concede my clients are not psychotherapists or doctors or priests, but in terms of confidentiality there are certain confidences between affiants and other individuals. I think there may or may not be confidences between those individuals and federal officials, for instance. And I'm concerned about breaching those confidences." The plaintiff did not offer any further explanation.

[7] The memorandum of law remained lodged with the court, and thus was preserved in the record for purposes of appellate review. See footnote 4 of this opinion.

[8] A writ of error has its origins in common law; see *Fox* v. *Hoyt*, 12 Conn. 491, 496 (1838); and today is used generally by nonparties to raise claims that otherwise cannot be brought on direct appeal. See *Hardy* v. *Superior Court*, 305 Conn. 824, 826, 48 A.3d 50 (2012) (criminal contempt); *B & B Bail Bonds Agency of Connecticut, Inc.* v. *Bailey*, 256 Conn. 209, 211, 770

A.2d 960 (2001) (bond forfeiture). A writ of error, however, is generally subject to the same procedural rules as direct appeals. See *Tappin* v. *Homecomings Financial Network, Inc.*, 265 Conn. 741, 746, 830 A.2d 711 (2003) (mootness); *Green Rock Ridge, Inc.* v. *Kobernat*, 250 Conn. 488, 498–99, 736 A.2d 851 (1999) (final judgment); see also Practice Book § 72-4 ("[e]xcept as otherwise provided by statute or rule, the prosecution and defense of a writ of error shall be in accordance with the rules for appeals").

[9] At oral argument before this court, the plaintiff argued that its failure to take issue with the court's decision to deny its motion for release has "no effect" on his claim. The plaintiff hypothesized that, had it challenged the denial of the motion for release, "nothing else would change, all of the arguments would remain the same, all the briefs would remain the same, so from a practical standpoint there really is no difference." We disagree. If the plaintiff had challenged the court's judgment regarding the motion for release on the basis of an improperly decided motion to seal, it would have the burden of demonstrating that the impropriety was harmful. See *Wiseman* v. *Armstrong*, 295 Conn. 94, 106, 989 A.2d 1027 (2010) ("[g]enerally, a trial court's ruling will result in a new trial only if the ruling was both wrong *and* harmful" [emphasis in original; internal quotation marks omitted]). As a result, if the plaintiff also had challenged the denial of the motion for release, it would have had to present an additional argument not made or briefed before this court.

[10] In light of our conclusion that the plaintiff's claims are moot, it is not necessary to address the plaintiff's argument that the denial of the motion to seal was a final judgment under *State* v. *Curcio*, 191 Conn. 27, 463 A.2d 566 (1983).