ALBERT GREEN, JR. *v.* REGINALD D.
SIMMONS ET AL.
(AC 27004)

McLachlan, Lavine and Mihalakos, Js.

Argued November 13, 2006—officially released April 17, 2007

*Paul L. Brozdowski,* for the appellants (defendants).

*Neil W. Sutton,* for the appellee (plaintiff).

*Opinion*

LAVINE, J. The sole issue in this appeal is whether the trial court properly exercised personal jurisdiction over the defendants, a South Carolina law firm and its two principals, whose only contact with Connecticut was their mailing of two unanswered letters of representation to a commercial establishment in Connecticut. On appeal, the defendants claim that the court improperly denied their motion to dismiss for lack of personal jurisdiction. Specifically, they argue that the court's determination that they were transacting business in Connecticut and therefore subject to the state's long arm jurisdiction pursuant to General Statutes § 52-59b (a)[1] was improper. We agree with the defendants and, accordingly, reverse the judgment of the trial court.[2]

The following facts and procedural history are relevant to our resolution of this appeal. On February 2, 2001, the plaintiff, Albert Green, Jr., a truck driver from South Carolina, allegedly was injured when he slipped on ice while making a delivery to Sam's Wholesale Club (Sam's Club) in Manchester. He thereafter entered into

---

[1] General Statutes § 52-59b (a) provides in relevant part: "[A] court may exercise personal jurisdiction over any nonresident individual, foreign partnership . . . who in person or through an agent: (1) *Transacts any business within the state* . . . ." (Emphasis added).

[2] Because our determination that the requirements of General Statutes § 52-59b were not met is dispositive of this appeal, we decline to address the defendants' two additional claims concerning: (1) the personal liability of the defendant Reginald D. Simmons and (2) specific jurisdiction, which requires a court to find a causal connection between the defendants' forum contacts and the plaintiff's injuries before exercising jurisdiction. See *Thomason* v. *Chemical Bank,* 234 Conn. 281, 287, 661 A.2d 595 (1995).

a contingent fee agreement with the defendant law firm, Reginald D. Simmons & Associates, P.A. (law firm), in South Carolina for legal representation concerning his premises liability claim against Sam's Club. The contingent fee agreement was signed on behalf of the law firm by one of its principals, the defendant Danielle Butler Simmons.[3] Subsequently, Danielle Butler Simmons sent two virtually identical letters to Sam's Club, at its Manchester address, regarding the incident.[4] Neither letter generated a response. The firm took no further action on the matter until June 3, 2003, when Danielle Butler Simmons sent a letter from her office in South Carolina to the plaintiff at his South Carolina address, informing him that the firm would no longer represent him. This letter stated that the statute of limitations on his premises liability claim was three years from the date the plaintiff underwent surgery for his injuries.

In May, 2004, the plaintiff commenced this legal malpractice action against the defendants in Connecticut. The plaintiff alleged in his complaint that the defendants were negligent for their failure to file suit against Sam's Club in a timely fashion, their failure to investigate the merits of his claim properly or to pursue that claim, in providing incorrect information concerning the statute of limitations and in providing the information to him after the time within which to file suit in Connecticut already had expired.[5] The defendants did not respond to the complaint.

---

[3] We note that although the law firm was retained, there is no indication from the record that the defendant Reginald D. Simmons, who is also a principal in the firm, had any involvement with the plaintiff's case.

[4] Both letters stated in relevant part: "Please be advised that this office has been retained to represent [the plaintiff] . . . . Please refer this letter to your insurance carrier and have them contact me immediately to further discuss this matter. Should I not hear from you or your representative within ten (10) days, I will take all legal steps to protect the interest of my client."

[5] In Connecticut, pursuant to General Statutes § 52-584, "[n]o action to recover damages for injury to [a] person . . . caused by negligence . . .

On September 29, 2004, the plaintiff's motion for default for failure to appear was granted against all of the defendants pursuant to Practice Book § 17-20 (c). The matter was scheduled for a hearing in damages on January 7, 2005. The defendants filed an appearance "for the purpose of contesting personal jurisdiction only" on January 6, 2005, and a motion to dismiss on that ground on February 1, 2005.[6] In a memorandum of decision, the court denied the motion and stated that "[t]he location of the site of the alleged injury in Connecticut, the fact that Connecticut courts were open to the plaintiff, and the mailing of letters to [Sam's Club] is sufficient to find that the defendants were transacting business in Connecticut." After denying a motion to reargue, the court held the defendants jointly and severally liable to the plaintiff for $741,924.40. This appeal followed. Additional facts will be set forth as necessary.

The defendants contend that the mailing of two letters of legal representation to Sam's Club at its Manchester address does not constitute sufficient contact with the state to justify the court's determination that they were transacting business within Connecticut. We agree with the defendants that given the circumstances of this case, the requirements of the long arm statute were not met.

shall be brought but within two years from the date when the injury is first sustained or discovered . . . ."

[6] We note that prior to 1978, a defendant wishing to contest the presence of personal jurisdiction was required to file a "limited" or "special" appearance, as filing a general appearance was a submission to the general jurisdiction of the court. *Bove* v. *Bove*, 93 Conn. App. 76, 78 n.3, 888 A.2d 123, cert. denied, 277 Conn. 919, 895 A.2d 788 (2006). This type of appearance is no longer recognized or required. Id. Practice Book § 10-30 currently provides that any defendant, wishing to contest the court's jurisdiction, may do so even after having entered a general appearance, so long as the defendant files a motion to dismiss within thirty days of the filing of an appearance. We further note that if a defaulted party files an appearance in the action prior to the entry of judgment after default, as the defendants did in the present case, the default shall automatically be set aside by operation of law. See Practice Book § 17-20 (c).

A challenge to the jurisdiction of the court presents a question of law as to which our review is plenary. *Eisenberg* v. *Tuchman*, 94 Conn. App. 364, 389, 892 A.2d 1016, cert. denied, 278 Conn. 909, 899 A.2d 36 (2006). "When a defendant files a motion to dismiss challenging the court's jurisdiction, a two part inquiry is required. The trial court must first decide whether the applicable state long-arm statute authorizes the assertion of jurisdiction over the [defendants]. If the statutory requirements [are] met, its second obligation [is] then to decide whether the exercise of jurisdiction over the defendant[s] would violate constitutional principles of due process." (Internal quotation marks omitted.) *Knipple* v. *Viking Communications, Ltd.*, 236 Conn. 602, 606, 674 A.2d 426 (1996). The case law is clear that the plaintiff bears the burden of proving the court's jurisdiction. *Standard Tallow Corp.* v. *Jowdy*, 190 Conn. 48, 54, 459 A.2d 503 (1983).

Connecticut's long arm statute is codified in § 52-59b. The relevant portion of § 52-59b provides that jurisdiction may be exercised over a nonresident who "[t]ransacts any business within the state . . . ." General Statutes § 52-59b (a) (1). The phrase "transacts any business" has been construed by our Supreme Court to embrace a single purposeful business transaction. *Zartolas* v. *Nisenfeld*, 184 Conn. 471, 474, 440 A.2d 179 (1981). In determining whether the defendants' contacts constitute the "transaction of business within this state we do not resort to a rigid formula [but] balance considerations of public policy, common sense, and the chronology and geography of the relevant factors." Id., 477.

In *Rosenblit* v. *Danaher*, 206 Conn. 125, 537 A.2d 145 (1988), our Supreme Court held that the presence at one meeting in Connecticut by one of the defendants, an attorney who was a Massachusetts resident, did not constitute sufficient contacts with the state to render him amenable to personal jurisdiction under § 52-59b

(a) (1). The court concluded that when balancing the attorney's attendance at one business meeting in Connecticut against the fact that the proposed action in the case concerned events that had occurred in Massachusetts and arose out of the plaintiffs' efforts to rehabilitate real property in that state, the plaintiffs had not sustained their burden of proving that the attorney was transacting business in Connecticut. Id., 141–42.

Although we are guided by Connecticut jurisprudence, our analysis is also informed by case law construing the transacting business provision of the New York long arm statute, which our Supreme Court has found "pertinent," given that § 52-59b is modeled on the New York long arm statute. *Zartolas* v. *Nisenfeld*, supra, 184 Conn. 474. The Appellate Division of the New York Supreme Court has stated that "[t]elephone calls and written communications, which generally are held not to provide a sufficient basis for personal jurisdiction under the long-arm statute, must be shown to have been used by the defendant to actively participate in business transactions in New York . . . ." (Citations omitted; internal quotation marks omitted.) *Liberatore* v. *Calvino*, 293 App. Div. 2d 217, 220, 742 N.Y.S.2d 291 (2002). "[T]elephone and mail contacts are jurisdictionally insufficient unless the defendant projected himself by those means into New York in such a manner that he purposefully availed himself . . . of the benefits and protections of its laws." (Internal quotation marks omitted.) Id.

In *Lombardi* v. *Paige*, United States District Court, Docket No. CV2605, 2001 WL 303831, (S.D.N.Y. March 28, 2001), the court applied this principle, concluding that a Connecticut attorney's "few, sporadic efforts" in New York to collect information in furtherance of the plaintiffs' personal injury claims did not satisfy the transacting business requirement of the New York long

arm statute. Id., *4. The plaintiff had retained the defendant to bring a personal injury action against a New York business. Id., *1. Thereafter, the plaintiff sued the defendant for legal malpractice in a New York court when the statute of limitations on the personal injury claim had expired. Id. The court in *Lombardi* reasoned that the defendant's sending three faxes to New York medical care providers, attempting to obtain records from the state police and sending two letters to the plaintiff, who lived in New York, without more, did not amount to her projecting herself into New York or purposefully availing herself of the benefits and protections of its laws. Id., *5. New York therefore could not exercise personal jurisdiction over her. Id.

In the present case, the plaintiff argued in his opposition to the defendants' motion to dismiss that the defendants had practiced law in Connecticut by mailing two letters and providing legal advice about Connecticut law. The plaintiff claims that this conduct constitutes transacting legal business because the defendants implicitly were trying to reach a settlement or pursue a cause of action in Connecticut. The defendants, however, presented affidavits describing their lack of contacts with Connecticut. Both the defendants Reginald D. Simmons and Danielle Butler Simmons attested that they are not "admitted to the bar of the [s]tate of Connecticut on a permanent or pro hac vice basis" and "have never practiced law" here. The defendants also stated that they had no intention of commencing a lawsuit against Sam's Club in Connecticut and that they at no time represented to the plaintiff that they intended to do so. They also attested that they did not conduct any business within Connecticut, nor derive any revenue from business dealings within the state. Danielle Butler Simmons further represented that neither she nor any member of her firm ever engaged in any other correspondence with anyone in Connecticut, nor did

they conduct or attend any business meetings within the state in this case or any other case. Moreover, the defendants assert that all of their communication with the plaintiff, including correspondence and legal advice, was conducted entirely within South Carolina.

Given the facts in this case, we find it to be more analogous to *Rosenblit* v. *Danaher,* supra, 206 Conn. 141–42, than to *Zartolas* v. *Nisenfeld,* supra, 184 Conn. 475–76.[7] We are persuaded that the defendants' mailing

---

[7] In *Zartolas* v. *Nisenfeld,* supra, 184 Conn. 472, the defendants conveyed Connecticut real estate to one of the plaintiffs by a warranty deed executed in Iowa; thereafter, both plaintiffs brought an action in Connecticut for damages for breach of a covenant in the deed. The court held that the "fundamental incidents of this warranty deed render[ed] the defendants' purposeful execution of it a 'transaction of any business within this state.' " Id., 476. The court reasoned that "[b]y owning land in Connecticut the defendants invoked the benefits and protection of Connecticut's laws of real property, including as an incident of ownership the right to sell the property. If the defendants breached their warranties, the breach occurred because of acts committed here [in Connecticut]. The warranties in the deed clearly anticipate[d] litigation in Connecticut, which is the only forum that can determine title to Connecticut land." Id., 475–76.

In concluding as it did in *Zartolas,* our Supreme Court exercised long arm jurisdiction over the defendant under General Statutes § 52-59b (a) (1), rather than under § 52-59b (a) (4), which allows for the exercise of jurisdiction over persons who own, use or possess any real property situated within the state. With this in mind, we note that the court in the present case concluded that the defendants were transacting business within Connecticut by analogizing their contacts to those in *Zartolas.* Specifically, the court construed the holding in *Zartolas* as requiring it to consider the location of the plaintiff's slip and fall and the fact that Connecticut courts would have been open to him had he pursued an action against Sam's Club as relevant to the transacting business inquiry. We respectfully disagree with the court's rationale. *Zartolas* and the present case are factually dissimilar.

*Zartolas* was an in rem action concerning the title to Connecticut land. In contrast, the defendants' alleged failure to investigate or pursue the plaintiff's premises liability claim and their conveying incorrect information concerning the statute of limitations to the plaintiff occurred within South Carolina. The defendants' sole contact with Connecticut, mailing letters from South Carolina, did not give rise to the alleged malpractice. This differentiates it from the defendants' sale of land in Connecticut, which did result directly in the breach of warranty action in *Zartolas.* The reasoning that specifically was tailored to the factual circumstances of *Zartolas* is therefore not applicable to the present case.

of two unanswered letters to Connecticut constituted even less contact with this state than the attorney's presence at a business meeting in Connecticut in *Rosenblit,* in which the court found that the requirements of § 52-59b (a) (1) were not satisfied. See *Rosenblit* v. *Danaher,* supra, 141–42.

We note, also, that the defendants in this case had even fewer contacts with Connecticut than the defendant had with New York in *Lombardi* v. *Paige,* supra, 2001 WL 303831, *5, in which the court reasoned that the plaintiff failed to sustain his burden to establish that the defendant was transacting business in New York. In this case, the defendants sent two letters to the Manchester Sam's Club, neither of which received a response. The letters were preliminary in nature and did not include any substantive information with regard to negotiating or litigating the plaintiff's alleged premises liability claim. The defendants had no further contact whatsoever with Connecticut.

After balancing considerations of public policy, common sense, and the chronology and geography of the relevant factors; see *Zartolas* v. *Nisenfeld,* supra, 184 Conn. 477; and in light of the reasoning in *Lombardi* v. *Paige,* supra, 2001 WL 303831, we are unpersuaded that the plaintiff has carried his burden to establish that the defendants were transacting business within Connecticut under § 52-59b (a) (1). Apart from mailing two letters, the defendants did nothing whatsoever to project themselves into Connecticut or purposefully avail themselves of the benefits or protections of its laws. See *Lombardi* v. *Paige,* supra, *5. The requirements of the long arm statute have not been satisfied. For that reason, the court improperly exercised personal jurisdiction over the defendants in this professional malpractice claim.[8]

---

[8] The defendants' counsel indicated at oral argument before this court that the plaintiff also has commenced a malpractice action against the defendants in South Carolina that is currently pending. We note that our

The judgment is reversed and the case is remanded with direction to render judgment dismissing the action.

In this opinion the other judges concurred.

resolution of this matter does not preclude the plaintiff from seeking redress in a South Carolina court.