PATRICK SOLANO *v.* SARA CALEGARI
(AC 28420)

Flynn, C. J., and DiPentima and Pellegrino, Js.

Argued April 16—officially released July 1, 2008

*John Timbers*, for the appellant (plaintiff).

*Sara Calegari*, pro se, the appellee (defendant).

PELLEGRINO, J. This is an appeal from the judgment of the trial court rendered after the granting of a motion to dismiss, sustaining a claim that the plaintiff, Patrick Solano, failed to obtain jurisdiction over the pro se defendant, Sara Calegari, pursuant to our long arm statute.[1] See General Statutes § 52-59b. On appeal, the plaintiff claims that the court improperly (1) considered the defendant's motion to dismiss without first vacating a prior default judgment that had entered against her, (2) concluded that he had failed to prove that the requirements of our long arm statute were satisfied, (3) failed to afford him procedural due process and (4) ruled on the merits of his complaint.[2] We affirm the judgment of the trial court.

The record reveals the following facts and procedural history. The plaintiff filed a three count complaint against his sister, the defendant, seeking to recover moneys that he allegedly had loaned to her and that she had failed to repay (count one), that she had converted to her use (count two) and that she fraudulently had misrepresented that she would repay (count three).

---

[1] We are mindful in reaching our decision that the defendant represents herself on appeal. "This court has always been solicitous of the rights of pro se litigants and, like the trial court, will endeavor to see that such a litigant shall have the opportunity to have his case fully and fairly heard so far as such latitude is consistent with the just rights of any adverse party. . . . Although we will not entirely disregard our rules of practice, we do give great latitude to pro se litigants in order that justice may both be done and be seen to be done. . . . For justice to be done, however, any latitude given to pro se litigants cannot interfere with the rights of other parties, nor can we disregard completely our rules of practice." (Citation omitted; internal quotation marks omitted.) *Wasilewski* v. *Machuga*, 92 Conn. App. 341, 342, 885 A.2d 216 (2005).

[2] The plaintiff also claims that the court improperly failed to permit him to introduce evidence pertaining to the merits of his complaint. Because we conclude that the court did not rule on the merits of the plaintiff's complaint, we likewise conclude that the court did not improperly prevent the plaintiff from introducing evidence pertaining to the merits of his complaint.

On February 27, 2006, the defendant, acting pro se, filed a motion to dismiss, claiming that the court lacked jurisdiction over her person.[3] The plaintiff thereafter filed a motion for default for the defendant's failure to plead, and the Superior Court clerk's office, on March 17, 2006, prior to the court's ruling on the motion to dismiss, entered a judgment of default against the defendant. See Practice Book § 17-32. On March 28, 2006, the defendant filed a second motion to dismiss. The plaintiff subsequently filed a claim for a hearing in damages arising from the default judgment.

On December 11, 2006, the court held a hearing on the defendant's first motion to dismiss. On the basis of the evidence presented at that hearing, the court concluded that the plaintiff had failed to establish facts necessary to satisfy the statutory requirements necessary for long arm jurisdiction. The court, accordingly, dismissed the complaint.[4] Additional facts will be set forth as necessary.

I

The plaintiff first claims that the court improperly considered the motion to dismiss because a default

[3] The motion to dismiss originally was assigned and heard before *Hon. William B. Lewis*, judge trial referee, but, because of his untimely death before the matter was adjudicated, it was reassigned to the court, *Tobin, J.*

[4] The plaintiff has failed to provide this court with a memorandum of decision or a transcript signed by the trial court setting forth the court's findings of fact and conclusions of law, as required by Practice Book § 64-1. When the record does not contain either a memorandum of decision or a transcribed copy of an oral decision signed by the trial court stating the reasons for its decision, "this court frequently has declined to review the claims on appeal because the appellant has failed to provide the court with an adequate record for review." *Connecticut Light & Power Co.* v. *Gilmore*, 89 Conn. App. 164, 171 n.9, 875 A.2d 546, cert. denied, 275 Conn. 906, 882 A.2d 681 (2005). If there is an unsigned transcript on file in connection with an appeal, the claims of error raised by the plaintiff may be reviewed if this court determines that the transcript adequately reveals the basis of the trial court's decision. See id. Because we find that the transcript adequately reveals the basis of the court's decision, we will review the claims of error raised by the plaintiff.

judgment had entered against the defendant.[5] Specifically, the plaintiff argues that the default judgment entered on March 17, 2006, before the defendant filed her March 28, 2006 motion to dismiss, and the court, therefore, could not rule on the motion to dismiss without vacating the default judgment. We are not persuaded.

A simple time line of events is dispositive of this issue. On February 27, 2006, the defendant filed a motion to dismiss (first motion). On March 17, 2006, the Superior Court clerk's office entered a default against the defendant for her failure to plead. The defendant thereafter, on March 28, 2006, filed a second motion to dismiss (second motion), asserting the same grounds for dismissal as stated in her first motion.

The plaintiff's argument is premised entirely on his belief that the court acted on the second motion, which the defendant filed after a default judgment was entered against her. This is not the fact. The record clearly reflects that the court was acting on the first motion, which the defendant had filed prior to the entry of default, rather than the second motion.[6] The plaintiff's

---

[5] The plaintiff also claims that the defendant's motion to dismiss failed to comply with the rules of practice and had procedural defects. This claim was not raised at trial. "[A] party cannot present a case to the trial court on one theory and then seek appellate relief on a different one . . . ." (Internal quotation marks omitted.) *Ingels* v. *Saldana*, 103 Conn. App. 724, 730, 930 A.2d 774 (2007). "For this court to . . . consider [a] claim on the basis of a specific legal ground not raised during trial would amount to trial by ambuscade, unfair both to the [court] and to the opposing party." (Internal quotation marks omitted.) *Gilbert* v. *Beaver Dam Assn. of Stratford, Inc.*, 85 Conn. App. 663, 680, 858 A.2d 860 (2004), cert. denied, 272 Conn. 912, 866 A.2d 1283 (2005); see also Practice Book § 60-5. Accordingly, we decline to address this claim.

[6] The judgment file states in relevant part: "This action, by writ and complaint, claiming damages, came to this court on January 31, 2006 and thence to February 27, 2006 when [the] [d]efendant filed a [m]otion to [d]ismiss and thence to the present time when the parties appeared and were at issue on the [d]efendant's [m]otion to [d]ismiss as on file."

claim, therefore, is premised on a misunderstanding of the court's judgment. Moreover, he has set forth no argument as to whether the court was required to vacate the default judgment prior to ruling on the first motion. Because this issue has not been briefed, we are not obligated to afford it consideration. See *West Haven* v. *Norback*, 263 Conn. 155, 177, 819 A.2d 235 (2003). Accordingly, the plaintiff's claim fails.

## II

The plaintiff next claims that the court improperly concluded that he had failed to prove that the requirements of our long arm statute were satisfied. Specifically, the plaintiff asserts that the court's findings showed that the defendant (1) transacted business within this state so as to permit the court to exercise jurisdiction over the breach of contract and conversion counts of his complaint, and (2) committed a tortious act within this state so as to permit the court to exercise jurisdiction over the fraudulent misrepresentation count of his complaint. We disagree.

We note at the outset the scope of our analysis. "When a defendant files a motion to dismiss challenging the court's jurisdiction, a two part inquiry is required. The trial court must first decide whether the applicable state long-arm statute authorizes the assertion of jurisdiction over the [defendant]. If the statutory requirements [are] met, its second obligation [is] then to decide whether the exercise of jurisdiction over the [defendant] would violate constitutional principles of due process." (Internal quotation marks omitted.) *Knipple* v. *Viking Communications, Ltd.*, 236 Conn. 602, 606, 674 A.2d 426 (1996). "Only if we find the statute to be applicable do we reach the question whether it would offend due process to assert jurisdiction." *Lombard Bros., Inc.* v. *General Asset Management Co.*, 190 Conn. 245, 250, 460 A.2d 481 (1983).

Here, the court went no further than the first inquiry; it found that the plaintiff had failed to prove that the requirements of the long arm statute—§ 52-59b, with respect to nonresident individuals—had been satisfied. The court, therefore, did not reach the issue of whether the exercise of personal jurisdiction over the defendant would violate constitutional principles of due process. Because we agree with the court's determination, we similarly limit our analysis.

The relevant portions of § 52-59b provide that jurisdiction may be exercised over a nonresident individual who "[t]ransacts any business within the state"; General Statutes § 52-59b (a) (1); or "commits a tortious act within the state . . . ." General Statutes § 52-59b (a) (2). In deciding whether the applicable long arm statute authorizes jurisdiction over the defendant, the court generally is limited to the allegations in the complaint; however, "[w]hen issues of fact are necessary to the determination of a court's jurisdiction, due process requires that a trial-like hearing be held, in which an opportunity is provided to present evidence and to cross-examine adverse witnesses." *Standard Tallow Corp.* v. *Jowdy*, 190 Conn. 48, 56, 459 A.2d 503 (1983).

In the present case, the court held a hearing to determine its jurisdiction. When a hearing is required to determine the court's personal jurisdiction, we engage in a two part inquiry in reviewing the actions of the trial court. Cf. *Gordon* v. *H.N.S. Management Co.*, 272 Conn. 81, 92, 861 A.2d 1160 (2004) (court engages in two part inquiry when reviewing trial court's decision on jurisdiction, which involves mixed question of fact and law). "We determine first whether the facts found by the court were clearly erroneous and then conduct a plenary review of the court's legal conclusions." (Internal quotation marks omitted.) Id., 92–93. Furthermore, when a challenge to the court's jurisdiction is raised by a nonresident individual, the plaintiff must

bear the burden of proving the court's jurisdiction. *Knipple* v. *Viking Communications, Ltd.*, supra, 236 Conn. 607.

In the court's oral decision on the motion to dismiss, it made numerous findings of fact. The court found that the discussion of a loan and the request for a loan took place in Connecticut. The discussion of the loan included the defendant's telling the plaintiff that she intended to keep the loaned funds in her bank account and not to withdraw them. The loaned funds subsequently were transferred between brokerage accounts in New York and were not advanced in Connecticut. The defendant thereafter withdrew the loaned funds from a financial institution outside of Connecticut.

On the basis of our review of the evidence, we cannot say that the court's findings were clearly erroneous. The plaintiff's testimony provided the necessary foundation for the court's factual findings. Accordingly, we now conduct a plenary review of the court's legal conclusions to determine whether the facts found by the court require the conclusion that the plaintiff failed to show that long arm jurisdiction was proper.

A

The plaintiff first claims that long arm jurisdiction exists because the defendant transacted business in this state. See General Statutes § 52-59b (a) (1). Specifically, the plaintiff argues that the court's findings satisfy the "transacts any business" standard necessary for jurisdiction over his causes of action for breach of contract and conversion. We disagree.

The phrase "transacts any business" has been construed by our Supreme Court to embrace a single purposeful business transaction. *Zartolas* v. *Nisenfeld*, 184 Conn. 471, 474, 440 A.2d 179 (1981). In determining

whether the defendant's contacts constitute the transaction of business within this state, "we do not resort to a rigid formula [but] balance considerations of public policy, common sense, and the chronology and geography of the relevant factors." Id., 477.

In the present case, the court's findings do not support the conclusion that the defendant transacted business within this state. Although the discussion of the loan and the request for the loan both took place in Connecticut, we cannot say, on the basis of the record before us, that these contacts amounted to a single purposeful business transaction. The nonspecific nature of the court's findings do not permit us properly to analyze the defendant's contacts with this state or to balance considerations of public policy, common sense or the chronology and geography of the relevant factors. See, e.g., *Ryan* v. *Cerullo*, 282 Conn. 109, 120, 918 A.2d 867 (2007) (New York accountant not subject to jurisdiction in this state under § 52-59b (a) (1) even though he prepared plaintiff's Connecticut tax returns); *Rosenblit* v. *Danaher*, 206 Conn. 125, 138, 140–41, 537 A.2d 145 (1988) (Massachusetts attorney not subject to jurisdiction in this state under § 52-59b (a) (1) even though he had business meeting with plaintiff in Connecticut); *Green* v. *Simmons*, 100 Conn. App. 600, 607–608, 919 A.2d 482 (2007) (mailing of two letters to Connecticut insufficient); *Gaudio* v. *Gaudio*, 23 Conn. App. 287, 299–300, 580 A.2d 1212 (jurisdiction proper when defendant traveled to Connecticut to purchase stock and became sole stockholder of close corporation whose only asset was parcel of commercial real estate in Connecticut), cert. denied, 217 Conn. 803, 584 A.2d 471 (1990); *Hart, Nininger & Campbell Associates, Inc.* v. *Rogers*, 16 Conn. App. 619, 625, 548 A.2d 758 (1988) (jurisdiction proper when nonresident defendants came to plaintiff's principal office in Connecticut to negotiate

and sign individual employment contracts, came to Connecticut to attend quarterly business meetings pertaining to their employment, kept in telephone contact regularly with plaintiff's Connecticut office, filed weekly activity report sheets documenting business transacted on behalf of Connecticut corporation, sent all business account expenses to Connecticut office for payment, and had payroll checks drawn on Connecticut bank and mailed to defendants from Connecticut address); see also *Gerber Trade Finance, Inc.* v. *Davis, Sita & Co., P.A.*, 128 F. Sup. 2d 86, 91–92 (D. Conn. 2001) (jurisdiction proper when Maryland defendant performed substantial accounting work while physically in state). Accordingly, absent the necessary factual findings, we cannot say that the defendant transacted any business in this state.

Moreover, to the extent that the court did not make certain findings, the plaintiff sought no articulation of the court's ruling. See Practice Book § 66-5. "It is a well established principle of appellate procedure that the appellant has the duty of providing this court with a record adequate to afford review. . . . Where the factual or legal basis of the trial court's ruling is unclear, the appellant should seek articulation pursuant to Practice Book § [66-5]. . . . Accordingly, [w]hen the decision of the trial court does not make the factual predicates of its findings clear, we will, in the absence of a motion for articulation, assume that the trial court acted properly." (Internal quotation marks omitted.) *Berglass* v. *Berglass*, 71 Conn. App. 771, 789, 804 A.2d 889 (2002). On the basis of the record before us, we conclude that the plaintiff failed to prove the statutory elements necessary for personal jurisdiction over the defendant under § 52-59b (a) (1).

B

The plaintiff also claims that long arm jurisdiction exists because the defendant committed a tortious act

in this state. See General Statutes § 52-59b (a) (2). Specifically, the plaintiff argues that the record reveals that the defendant made a fraudulent misrepresentation in this state. We disagree.

"The essential elements of a cause of action in [fraudulent misrepresentation] are: (1) a false representation was made as a statement of fact; (2) it was untrue and known to be untrue by the party making it; (3) it was made to induce the other party to act upon it; and (4) the other party did so act upon the false representation to his injury." (Internal quotation marks omitted.) *Cadle Co.* v. *Ginsberg*, 70 Conn. App. 748, 769, 802 A.2d 137, cert. denied, 262 Conn. 905, 810 A.2d 271 (2002).

In the present case, the plaintiff argues that his testimony established that the defendant had made a fraudulent misrepresentation while in Connecticut. He asserts that the defendant, while physically in this state, told him that she intended to keep the loaned funds in a bank account and not to withdraw them. He argues that her subsequent withdrawal of the funds proves that her prior representation was fraudulent.

We conclude, however, that although the defendant withdrew the funds after telling the plaintiff that she would not do so, the withdrawal of the funds does not establish that the defendant's representations were untrue and known to be untrue by her when she made them. As the court noted, the plaintiff presented no evidence showing that the defendant had made any representations while knowing them to be false. The defendant's withdrawal of the funds only established that she failed to keep a promise not to withdraw the funds, not that she fraudulently had misrepresented her intention at the outset.[7]

---

[7] The plaintiff does not allege that § 52-59b (a) (2) provided a basis of jurisdiction for the breach of contract or conversion counts. Accordingly, our review is limited to whether the defendant committed the tort of fraudulent misrepresentation while in Connecticut.

Moreover, to the extent that the plaintiff asks us to make factual findings concerning the defendant's intent, we decline to do so. As an appellate court, we are not permitted to find facts. *Zitnay* v. *Zitnay*, 90 Conn. App. 71, 81, 875 A.2d 583, cert. denied, 276 Conn. 918, 888 A.2d 90 (2005). The plaintiff should have sought articulation of the court's decision pursuant to Practice Book § 66-5. See *Berglass* v. *Berglass*, supra, 71 Conn. App. 789. Accordingly, we cannot say that the plaintiff met his burden of showing that the defendant committed a tortious act in this state.

### III

The plaintiff next claims that the court failed to afford him procedural due process. Specifically, the plaintiff argues that the court improperly expanded the scope of its hearing and denied him the right to present evidence. We decline to review this unpreserved constitutional claim.[8]

"[This] court shall not be bound to consider a claim unless it was distinctly raised at the trial or arose subsequent to the trial. . . . Practice Book § 60-5. . . . To allow such a claim to be raised on appeal would be nothing more than a trial by ambuscade of the trial judge." (Internal quotation marks omitted.) *Ingels* v. *Saldana*, 103 Conn. App. 724, 730, 930 A.2d 774 (2007).

The plaintiff argues that the court's hearing violated his due process rights. Our review of the record, however, reveals that at no point during the hearing did the plaintiff object to the manner in which the hearing was

---

[8] Although we believe that a fair reading of the hearing transcript reveals that the plaintiff did not make any motions at trial relevant to his claim, the record does reveal that the plaintiff asked the court to call an additional witness after the close of evidence, which request the court denied. To the extent that this could be viewed as a motion to open the evidence, the plaintiff does not allege that the court impermissibly denied his motion to open the evidence. See *Pagliaro* v. *Jones*, 75 Conn. App. 625, 638–39, 817 A.2d 756 (2003). We therefore decline to review that aspect of the court's ruling.

conducted, claim that he was deprived of procedural due process or seek a continuance to permit him additional time to gather evidence pertaining to personal jurisdiction. The plaintiff, therefore, did not raise this claim at trial.

Although we previously have reviewed unpreserved claims of constitutional magnitude, "[i]t is well established . . . that parties must affirmatively seek to prevail under *State* v. *Golding*, 213 Conn. 233, 239–40, 567 A.2d 823 (1989), or the plain error doctrine [embodied in Practice Book § 60-5] and bear the burden of establishing that they are entitled to appellate review of their unpreserved constitutional claims." (Internal quotation marks omitted.) *State* v. *Reid*, 277 Conn. 764, 781, 894 A.2d 963 (2006). Here, the plaintiff has requested neither *Golding* nor plain error review. We do not engage in *Golding* or plain error review when it has not been requested by a party. *State* v. *Klinger*, 103 Conn. App. 163, 169, 927 A.2d 373 (2007). Accordingly, we decline to review this unpreserved constitutional claim.

IV

The plaintiff's final claim is that the court impermissibly treated the defendant's motion to dismiss as a motion for summary judgment, thereby improperly ruling on the merits of his fraudulent misrepresentation count. We disagree.

Our review of the record reveals that the court did not improperly rule on the merits of the case but, rather, properly conducted a hearing to determine whether it could exercise personal jurisdiction over the defendant. The plaintiff alleged that the court had jurisdiction over the defendant in regard to his fraudulent misrepresentation count because the defendant committed a tortious act in this state. As previously discussed in part II, the plaintiff bore the burden of establishing that long arm jurisdiction existed. Accordingly, the court necessarily

was required to determine whether the plaintiff had presented sufficient evidence of the defendant's having committed a tortious act in this state to support long arm jurisdiction. The court's conclusion that the plaintiff failed to meet his burden of proof is not a ruling on the merits of the fraudulent misrepresentation count but, rather, is a ruling that the plaintiff did not present sufficient facts to satisfy the statutory jurisdictional requirements. See *Olson* v. *Accessory Controls & Equipment Corp.*, 54 Conn. App. 506, 515, 735 A.2d 881 (1999), aff'd, 254 Conn. 145, 757 A.2d 14 (2000). Accordingly, we conclude that the court did not rule on the merits of the case.

The judgment is affirmed.

In this opinion the other judges concurred.