STATE OF CONNECTICUT *v.* GARY RYDER
(AC 28448)

Gruendel, Beach and West, Js.

Argued September 18—officially released November 18, 2008

*Gary Ryder*, pro se, the appellant (defendant).

*Robert J. Scheinblum*, senior assistant state's attorney, with whom, on the brief, were *David I. Cohen*, state's attorney, and *Ricki Goldstein*, assistant state's attorney, for the appellee (state).

*Opinion*

GRUENDEL, J. This case arises out of the discovery of a large reptile in the defendant's home by the Greenwich police during a warrantless search of the premises.

The defendant, Gary Ryder, was convicted of illegal possession of a reptile in violation of General Statutes § 26-55 after the trial court denied his motion to dismiss and his motion to suppress evidence obtained as a result of the warrantless search of his home. He appeals from the judgment of conviction, claiming that the court improperly denied those motions. We are, however, unable to ascertain whether this court has subject matter jurisdiction over the appeal and remand the case for further factual findings.

The following procedural history is relevant to the determination of whether we have subject matter jurisdiction. At approximately 4:30 p.m. on August 15, 2004, Greenwich police went to the defendant's house to investigate a report of a missing adolescent. Receiving no response after ringing the bells at both the locked security gate and the front door, the police entered the defendant's home through an unlocked back door. Upon reaching the second floor of the home, an officer entered a bathroom and noticed a dark figure in the tub through its frosted glass door. Believing the figure to be the missing minor, he opened the tub door to find, to his "greatest bit of relief, just a crocodile or a large lizard" in the tub. The police continued searching the house for the minor but did not find anyone home.

On September 8, 2004, almost four weeks later, the defendant was arrested on charges of risk of injury to a child in violation of General Statutes § 53-21 and illegal possession of a reptile in violation § 26-55.[1] On March 6, 2006, the defendant moved to suppress the evidence

---

[1] General Statutes § 26-55 provides in relevant part: "No person shall import or introduce into the state, or possess or liberate therein, any live fish, wild bird, wild mammal, reptile, amphibian or invertebrate unless such a person has obtained a permit therefor from the commissioner [of environmental protection]. Any person . . . who violates any provision of this section or any regulation issued by the commissioner as provided in this section shall be guilty of an infraction. . . ."

obtained from the search of his home and to dismiss the charges against him. After a three day suppression hearing, the court denied the defendant's motions. The state entered a nolle prosequi with regard to the charge of risk of injury to a child, and the defendant entered a plea of nolo contendere to the possession of a reptile charge, conditioned on reserving his right to appeal from the court's ruling on his motions to suppress and to dismiss. The defendant was sentenced to pay a fine of $35, which he has since done.

On appeal, the defendant contends that the warrantless search of his house violated his right to be free from unreasonable searches and seizures pursuant to the fourth and fourteenth amendments to the federal constitution and article first, § 7, of the Connecticut constitution. The state claims, however, that this court lacks subject matter jurisdiction, arguing that the payment of the defendant's fine prior to the hearing before this court rendered his appeal moot. We conclude that the record in this case is insufficient for us to determine whether the appeal is moot and remand the case to the trial court for an evidentiary hearing.

"Mootness implicates [a] court's subject matter jurisdiction and is thus a threshold matter . . . to resolve. . . . It is a well-settled general rule that the existence of an actual controversy is an essential requisite to appellate jurisdiction; it is not the province of appellate courts to decide moot questions, disconnected from the granting of actual relief or from the determination of which no practical relief can follow." (Internal quotation marks omitted.) *Connecticut Coalition Against Millstone* v. *Rocque*, 267 Conn. 116, 125, 836 A.2d 414 (2003).

General Statutes § 54-96a provides: "Any person appealing from the judgment of the Superior Court, adjudging him to pay a fine only, may pay the same at

any time before the hearing in the Supreme Court or Appellate Court, without further cost, which payment shall vacate the appeal and restore the judgment." In *State* v. *Eastman*, 92 Conn. App. 261, 884 A.2d 442 (2005), this court applied § 54-96a in a similar factual scenario. In *Eastman*, "the defendants were charged with violating a town ordinance. After the court denied their motions to dismiss for insufficiency of cause, the defendants entered conditional pleas of nolo contendere, reserving the right to appeal from the court's denial of their motions to dismiss. The court then fined each of the defendants $50, without costs. During the pendency of their appeal, the defendants voluntarily paid the fines that the court imposed." Id., 264–65. In applying the statute, we concluded that "the judgments against the defendants have been satisfied, and the substantive issues that they have raised on appeal are moot." Id., 265.

Notwithstanding the *Eastman* analysis, the defendant makes two claims, either of which, if accepted, would render the appeal justiciable. First, he argues that the payment of his fine was not voluntary but, rather, resulted from pressure exerted on him by the trial judge and court clerk. Second, he argues that prejudicial collateral consequences resulted from his conviction. We address each in turn.

I

During the defendant's plea hearing, the court engaged the defendant and his attorney in a prolonged colloquy on the record in which the court indicated that the defendant would retain his right to appeal. During that colloquy, the court assured the defendant that "the effect of this plea is that it preserves your ability to challenge a legal ruling by the court, and you may or may not wish to take an appeal . . . ." The defendant then responded to the court that he did intend

to file an appeal. The court later reiterated that the defendant's appeal rights remained in effect.

The defendant maintains, however, that after the court went off the record, it insisted that he pay his fine immediately and that the court clerk escorted him to do so. In *State* v. *Walczyk*, 76 Conn. App. 169, 172–73, 818 A.2d 868 (2003), we held that § 54-96a is inapplicable and the appeal not rendered moot if the fine is paid involuntarily. The facts represented by the defendant on appeal might lead us to conclude that the payment of the fine was not done voluntarily. As an appellate court, however, we are not permitted to find facts; see *Solano* v. *Calegari*, 108 Conn. App. 731, 742, 949 A.2d 1257, cert. denied, 289 Conn. 943, 959 A.2d 1010 (2008); and because the defendant claims that this all occurred off the record after judgment was rendered, we cannot determine whether it indeed occurred.

## II

We next address the defendant's assertion that the conviction resulted in prejudicial collateral consequences. Notwithstanding § 54-96a, "a controversy continues to exist, affording the court jurisdiction, if the actual injury suffered by the litigant potentially gives rise to a collateral injury from which the court can grant relief. . . . Such a situation arises when a litigant demonstrates a basis upon which [the court] could conclude that, under the circumstances, prejudicial collateral consequences are *reasonably possible* as a result of the alleged impropriety challenged on the appeal. . . . Accordingly, the litigant must establish these consequences by more than mere conjecture, but need not demonstrate that these consequences are more probable than not." (Citations omitted; emphasis in original; internal quotation marks omitted.) *State* v. *Eastman*, supra, 92 Conn. App. 265.

The defendant asserts that he has, in fact, suffered collateral consequences as a result of his conviction.

Specifically, he insists that the search of his home and discovery of the reptile resulted in significant dealings with the department of children and families (department). In his reply brief, the defendant discusses numerous events that have transpired since the search. For example, he claims that his children were temporarily taken away by the department and that he is precluded from adopting or fostering children in the future. The record, however, is devoid of any evidence that would indicate whether these or any other consequences did or will occur and whether they may be cured by a reversal of the conviction. We note in particular that much of the defendant's interaction with the department began after his arrest but before his conviction in this case, which would seem to indicate that at least some of the consequences resulted from the arrest or charge, rather than the conviction itself. Because, as an appellate body, this court cannot find facts, however; see *Solano* v. *Calegari*, supra, 108 Conn. App. 742; we cannot reach any determination regarding collateral consequences on the record as it stands.

We therefore conclude that the record is insufficient for us to determine whether the appeal is moot and remand the case to the trial court pursuant to Practice Book § 60-2 (9) for an evidentiary hearing. This court retains jurisdiction over the case for the purpose of deciding the appeal following the trial court's factual determinations.

The case is remanded for an evidentiary hearing to be held within forty-five days of the publication of this opinion, and for factual findings as to (1) whether facts came to light after the entry of judgment that would lead this court to conclude that there is a reasonable possibility that the defendant has suffered or will suffer prejudicial collateral consequences as a result of his conviction and (2) whether events occurred off the record that could lead this court to conclude that the

payment of the fine was not done voluntarily by the defendant. The defendant shall ensure that the transcript of the evidentiary hearing is filed pursuant to Practice Book § 63-4 (a) (3). The parties may file simultaneous supplemental briefs within forty-five days of the giving of notice of the trial court's decision. Such supplemental briefs shall be limited to issues of the trial court's factual findings and of this court's subject matter jurisdiction over the appeal and shall not exceed fifteen pages in length.

In this opinion the other judges concurred.