******************************************************

The "officially released" date that appears near the beginning of an opinion is the date the opinion will be published in the Connecticut Law Journal or the date it is released as a slip opinion. The operative date for the beginning of all time periods for the filing of postopinion motions and petitions for certification is the "officially released" date appearing in the opinion.

All opinions are subject to modification and technical correction prior to official publication in the Connecticut Law Journal and subsequently in the Connecticut Reports or Connecticut Appellate Reports. In the event of discrepancies between the advance release version of an opinion and the version appearing in the Connecticut Law Journal and subsequently in the Connecticut Reports or Connecticut Appellate Reports, the latest version is to be considered authoritative.

The syllabus and procedural history accompanying an opinion that appear in the Connecticut Law Journal and subsequently in the Connecticut Reports or Connecticut Appellate Reports are copyrighted by the Secretary of the State, State of Connecticut, and may not be reproduced or distributed without the express written permission of the Commission on Official Legal Publications, Judicial Branch, State of Connecticut.

******************************************************

# REBECCA KIRPAS *v.* THE GRIFFIN HOSPITAL ET AL.
## (AC 47842)

Clark, Wilson and Palmer Js.

*Syllabus*

The plaintiff appealed from the trial court's judgment for the defendant hospital in this medical malpractice action, in which she alleged that the defendant physicians, S and F, as agents of the hospital, were negligent in failing to properly diagnose her and the hospital was vicariously liable for their negligence. The plaintiff claimed, inter alia, that the trial court, concluding that there was no genuine issue of material fact as to the existence of an agency relationship between the hospital and S and F, improperly granted the hospital's motion for summary judgment on her vicarious liability claim. *Held*:

This court determined that the plaintiff's appeal was moot, as the plaintiff released S and F from any liability for the conduct that formed the basis of her negligence claim against them after the filing of this appeal, and those releases operated as a matter of law to release the hospital from any claim of vicarious liability for that same conduct, and, thus, there was no practical relief that could be afforded to the plaintiff; accordingly, the appeal was dismissed.

Argued February 3—officially released June 9, 2026

*Procedural History*

Action to recover damages for, inter alia, medical malpractice, and for other relief, brought to the Superior Court in the judicial district of Ansonia-Milford at Milford, where the court, *J. Welch, J.*, granted the named defendant's motion for summary judgment and rendered judgment thereon, from which the plaintiff appealed to this court. *Appeal dismissed*.

*Kenneth A. Votre*, for the appellant (plaintiff).

*Michael G. Rigg*, with whom, on the brief, was *Adam Maiocco*, for the appellee (named defendant).

*Opinion*

CLARK, J. In this medical malpractice action, the plaintiff, Rebecca Kirpas, appeals from the summary judgment rendered by the trial court in favor of the named

defendant, The Griffin Hospital (Griffin Hospital),[1] with respect to her direct negligence and vicarious liability claims. In her complaint, the plaintiff alleged two counts against the defendant: (1) the defendant was vicariously liable for the alleged negligence of two physicians, Joseph Felice and Krithika Srinivasan (physicians or Felice and Srinivasan); and (2) the defendant was directly negligent in its supervision and training of Felice and Srinivasan. On appeal, the plaintiff claims that the court erred in rendering summary judgment for the defendant on her vicarious liability claim by (1) concluding that there was no genuine issue of material fact as to the existence of an agency relationship between the defendant and Felice and Srinivasan under the doctrine of apparent agency, (2) disregarding our Supreme Court's holding in *Cefaratti* v. *Aranow*, 321 Conn. 593, 141 A.3d 752 (2016), which sets forth the standard for establishing apparent agency in tort actions, and (3) concluding that the plaintiff's expert testimony was not sufficient to establish a genuine issue of material fact as to causation and damages.[2] The plaintiff, however, did not include in her brief a challenge to the court's decision rendering summary judgment in favor of the defendant on her direct negligence claim and, during oral argument before this court, confirmed that she was not pursuing any such challenge in her appeal. Because we conclude that the plaintiff's appeal is moot by virtue of her release of Felice and Srinivasan from liability for the allegedly negligent conduct that formed the basis of her vicarious liability claim against the defendant, we do not reach the

---

[1] The plaintiff originally brought this action against Krithika Srinivasan, Joseph Felice, Griffin Hospital, and Connecticut Emergency Medicine Specialists, LLC. Srinivasan, Felice, and Connecticut Emergency Medicine Specialists, LLC, are not parties to this appeal and, therefore, all references to the defendant herein are to Griffin Hospital.

[2] In relation to the plaintiff's claims of error relating to agency, the trial court expressly declined to address whether the physicians were actual or apparent agents of the defendant. Instead, it rendered summary judgment on the vicarious liability claim on the ground that the plaintiff had failed to disclose an expert witness to testify to causation and damages.

merits of the plaintiff's claims of error and dismiss the appeal for lack of subject matter jurisdiction.

The following facts as alleged in the plaintiff's complaint and procedural history are relevant to our resolution of this appeal. On August 24, 2019, the plaintiff sought treatment at and was admitted to the emergency department at Griffin Hospital for pain and discomfort in her abdomen, nausea, loss of appetite, bloating, headache and an extended stomach. The plaintiff was examined by Srinivasan, a third year medical resident, and other emergency department staff. Srinivasan performed a physical exam and ordered certain laboratory tests and a computerized tomography (CT) scan of the plaintiff's abdomen and pelvis. Srinivasan's notes in the plaintiff's chart indicated that the CT scan and laboratory evaluation were largely negative but that the appendix could not be visualized in the scan. The plaintiff was subsequently discharged the same day with instructions to follow up with her primary care doctor, her obstetrician/ gynecologist, and to return to the emergency department if she developed chest pain, shortness of breath, or other concerning symptoms. Felice was the attending physician supervising Srinivasan during the plaintiff's emergency department visit. Felice never saw or spoke to the plaintiff and did not discuss the plaintiff's case with Srinivasan prior to the plaintiff's discharge. On August 25, 2019, the day after the plaintiff was discharged, Felice checked a box in the plaintiff's chart, attesting that he had reviewed the emergency room record and agreed with Srinivasan's documentation. Approximately two weeks later, on September 8, 2019, the plaintiff went to Yale-New Haven Hospital due to worsening abdominal pain and was diagnosed with a perforated appendix requiring emergency surgery, which resulted in a prolonged hospital stay and scarring.

In August 2021, the plaintiff commenced the present medical malpractice action arising out of the treatment the plaintiff received from the emergency department at the defendant. On December 2, 2022, the plaintiff filed a five count amended complaint against the defendant,

Felice, Srinivasan, and Connecticut Emergency Medicine Specialists, LLC (Emergency Medicine), alleging that (1) Felice failed to adequately supervise Srinivasan or examine the plaintiff himself (count one), (2) Srinivasan failed to adequately examine the plaintiff (count two), (3) the defendant was vicariously liable for the alleged negligence of Felice and Srinivasan because it held the physicians out as its agents or employees (count three), (4) the defendant was negligent in its selection, utilization, supervision, and training of Felice and Srinivasan (count four), and (5) Emergency Medicine[3] was negligent in its selection, utilization, supervision and training of Felice and Srinivasan (count five).

On November 30, 2023, the defendant filed a motion for summary judgment accompanied by a memorandum of law and supporting documentation as to counts three and four of the plaintiff's amended complaint. The defendant claimed that it was entitled to summary judgment on the vicarious liability claim because (1) the plaintiff had not disclosed an expert witness to testify to a causal connection between the alleged breaches of the standard of care by Felice and Srinivasan and the plaintiff's injuries and (2) there is no genuine issue of material fact that Felice and Srinivasan were not agents or employees of the hospital. The defendant further claimed that it was entitled to summary judgment on the direct negligence claim because (1) there was no genuine issue of material fact that the physicians did not have a propensity to provide negligent care or supervision and, as a result, the alleged negligent conduct at issue was not foreseeable to the defendant and (2) the plaintiff had not disclosed an expert witness to testify to the defendant's alleged departure from the applicable standard of care[4] or to a causal connection between the alleged breaches of the

---

[3]The complaint alleges that Emergency Medicine is a Connecticut limited liability company "engaged in the providing of emergency medical care in hospital emergency rooms" in Connecticut and that Emergency Medicine and the defendant "managed, operated . . . controlled [and provided] emergency medical care to patients at [the defendant]." Emergency Medicine is a nonappearing party in this action.

[4]The defendant argued that the plaintiff's expert only opined on the alleged breaches of the standard of care by Felice and Srinivasan.

standard of care by the defendant and the plaintiff's injuries. The defendant attached to its memorandum of law the following: an affidavit; excerpts from the transcripts of the depositions of **(1)** Jeffrey Coppola, the plaintiff's husband, **(2)** the plaintiff, and **(3)** Heikki E. Nikkanen, an emergency medicine physician and the plaintiff's expert witness; and other documentary evidence.

On March 26, 2024, the plaintiff filed an objection to the defendant's motion for summary judgment, contending, in her memorandum of law in opposition, that the defendant was not entitled to summary judgment on either of the counts because **(1)** Nikkanen was prepared to offer an opinion on both causation and damages and **(2)** a genuine issue of material fact existed as to whether Felice and Srinivasan were agents of the defendant. The plaintiff filed affidavits in support of her objection to the defendant's motion for summary judgment.

The court, *J. Welch, J.*, heard arguments on the motion on April 1, 2024.[5] On July 9, 2024, the court issued a memorandum of decision in which it granted the defendant's motion as to both counts.[6] Specifically, with respect to the vicarious liability claim, the court granted the motion for summary judgment on the ground that "the plaintiff has failed to disclose an expert witness who will testify as to a causal connection between the physicians' alleged departures from the

[5]Also on April 1, 2024, the defendant filed a posthearing brief for the limited purpose of providing additional case law on the issue of causation. On April 29, 2024, the plaintiff filed a reply asserting that there remained a genuine issue of material fact as to causation and damages.

[6]The court initially issued a combined memorandum of decision on June 24, 2024, rendering judgment on the defendant's motion for summary judgment and on a separate motion for summary judgment filed by the physicians as to counts one and two. The June 24, 2024 decision granted summary judgment in favor of both the defendant and the physicians on counts one through four. The court subsequently vacated the June 24, 2024 decision by order dated July 3, 2024, and ordered that judgment shall enter in accordance with the memorandum of decision dated July 9, 2024. The July 9, 2024 memorandum of decision addresses only the defendant's motion for summary judgment. On November 6, 2024, the plaintiff withdrew her claims against the physicians.

standard of care to the plaintiff's alleged injuries and damages. [The defendant] cannot be found liable where its alleged agents cannot be found liable." With respect to the direct negligence claim, the court granted summary judgment on two grounds: **(1)** "that the plaintiff has failed to disclose an expert witness who will testify that [the defendant] departed from the standard of care or a causal connection between such alleged departures to the plaintiff's alleged damages," and **(2)** "there is no evidence demonstrating [the defendant's] knowledge of [Felice's] or [Srinivasan's] propensity for tortious conduct" to create a genuine issue of material fact as to any "allegedly negligent supervision, training, hiring, and/or retention." This appeal followed.

In her principal appellate brief to this court, the plaintiff argued that the trial court erred in rendering summary judgment as to count three because genuine issues of material fact exist with respect to whether **(1)** the physicians were agents of the defendant and **(2)** Nikkanen's testimony was sufficient to establish causation and damages. The defendant argued in its brief that **(1)** the plaintiff abandoned her direct negligence claim on appeal by not challenging the court's decision granting summary judgment in the defendant's favor on count four, and **(2)** the trial court properly rendered summary judgment on the vicarious liability claim because the plaintiff failed to disclose an expert witness to testify as to causation and, therefore, there is no genuine issue of material fact as to whether the alleged negligence of Felice and Srinivasan caused the plaintiff's injuries. The defendant also claimed that the plaintiff's appeal with respect to the vicarious liability claim was moot because the plaintiff appeared to have settled her claims against Felice and Srinivasan. Specifically, the defendant noted that, although the trial court had initially issued a memorandum of decision rendering summary judgment in favor of Felice and Srinivasan, the court subsequently vacated that decision, after which the plaintiff withdrew her claims against the physicians. See footnote 6 of this opinion. The defendant argued that, on the basis of the

withdrawal of those claims, "the plaintiff appears to have settled her lawsuit against . . . Felice and Srinivasan," and that, "[i]f the plaintiff released [the physicians] from liability pursuant to a settlement agreement, a successful appeal will not provide the plaintiff with any practical relief because the settlement will also have extinguished [the defendant's] liability." The defendant therefore requested that this court "require the plaintiff to state whether she has 'released' . . . Felice and Srinivasan . . . ." The plaintiff filed a reply brief that did not address the mootness argument raised by the defendant.

Oral arguments before this court occurred on February 3, 2026. During argument, the plaintiff's counsel clarified that the plaintiff was not raising any claim of error relating to the plaintiff's direct negligence claim and that, as a result, the only claims at issue on appeal pertained to the plaintiff's vicarious liability claim against the defendant. Upon questioning from this court, the plaintiff's counsel also conceded that there had been a release of liability as to the physicians in the action, Felice and Srinivasan, but argued that the release was not a part of the record and, thus, not before this court for consideration.[7] In response, the defendant argued that the court could rely on concessions made by the plaintiff's counsel during argument to dismiss the case as moot.

Following argument, on February 25, 2026, to aid in our determination of jurisdiction over the remaining issues in this appeal relating to the vicarious liability of the defendant, this court, sua sponte, ordered the plaintiff to augment the record to include true and attested copies of any documents reflecting the "release of any individual or entity who was at any time a party to the civil action underlying the present appeal, including but not limited to, [Felice] and [Srinivasan], from any claim or form of liability."[8]

[7]In response to questioning from the court, the plaintiff's counsel represented that he could not recall if it was a general release and that, "to the best of [his] knowledge," the release was somewhat limited in nature.

[8]Following oral argument, on February 5, 2025, the defendant filed a motion to dismiss the plaintiff's appeal based on the representations of

See Practice Book § 60-2.[9] On March 6, 2026, the plaintiff filed with this court true and attested copies of the executed release and settlement agreements, which settled the plaintiff's claims against Felice and Srinivasan and released both physicians from liability for any and all claims relating to the civil action underlying the present appeal.

We begin our analysis with a brief discussion of the mootness doctrine. "Mootness implicates the court's subject matter jurisdiction and is thus a threshold matter for us to resolve. . . . The issue of mootness often arises in the latter stages of the appeal process, when actions of the parties have resolved the underlying dispute between them. . . . It is a well-settled general rule that the existence of an actual controversy is an essential requisite to appellate jurisdiction; it is not the province of appellate courts to decide moot questions, disconnected from the granting of actual relief or from the determination of which no practical relief can follow. . . . An actual controversy must exist not only at the time the appeal is taken, but also throughout the pendency of the appeal. . . . When, during the pendency of an appeal, events have occurred that preclude an appellate court from granting any practical relief through its disposition of the merits, a case has become moot. . . . The determination of whether a claim has become moot is fact sensitive, and may include the representations made by the parties at oral argument." (Citations omitted; internal quotation marks omitted.) *Ayala* v. *Smith*, 236 Conn. 89, 93, 671 A.2d 345 (1996).

We first address the plaintiff's argument, made before we ordered her to augment the record with copies of the releases, that the record is not adequate for us to review

the plaintiff's counsel at oral argument that the plaintiff had released from liability the two physicians whose alleged negligent conduct formed the basis for the vicarious liability against the defendant. The plaintiff never responded to that motion. Because the defendant fully briefed the issue of mootness in its brief, we address the mootness issue in this decision.

[9] Practice Book § 60-2 provides in relevant part: "The supervision and control of the proceedings shall be in the court having appellate jurisdiction from the time the appellate matter is filed . . . ."

the defendant's mootness claim because the releases were not part of the trial court record. "The rules of practice vest broad authority in the Appellate Court for the management of its docket." **(**Internal quotation marks omitted.**)** *Georges* v. *OB-GYN Services, P.C.*, 335 Conn. 669, 686, 240 A.3d 249 (2020); see also Practice Book § 60-2 ("[t]he supervision and control of the proceedings shall be in the court having appellate jurisdiction from the time the appellate matter is filed"**)**. Furthermore, it is well established that this court has the power to resolve issues of mootness based on events that transpired while an appeal was pending, particularly where the facts are undisputed, without remand to the trial court. See *Darien* v. *Estate of D'Addario*, 258 Conn. 663, 677 n.15, 784 A.2d 337 (2001) **(**concluding remand was not necessary to resolve issue of mootness "because this court certainly is capable of determining, particularly when the facts are undisputed, whether the case is now moot as a result of the events that transpired while the appeal was pending")**;** *Ayala* v. *Smith*, supra, 236 Conn. 93 (relying on concession of plaintiff's counsel at oral argument to dismiss appeal as moot)**;** *Pollio* v. *Conservation Commission*, 32 Conn. App. 109, 114, 628 A.2d 20 (1993) ("[w]hile our rules do not ordinarily permit us to consider information that is not contained in the trial record, we may do so when a question of mootness is raised").[10]

In the present case, the plaintiff's counsel conceded during oral argument that the plaintiff had executed releases in favor of Felice and Srinivasan. Pursuant to our supervisory authority under Practice Book § 60-2, we ordered the plaintiff to augment the record with true and attested copies of any releases of liability of any individual or entity who was at any time a party to

---

[10]Cf. *State* v. *Ryder*, 111 Conn. App. 271, 277, 958 A.2d 797 (2008) (concluding that record was insufficient to determine whether appeal was moot and remanding to trial court, pursuant to Practice Book § 60-2, for evidentiary hearing but retaining jurisdiction over case for "the purpose of deciding the appeal following the trial court's factual determinations"); *Karp* v. *New Britain*, 57 Conn. App. 312, 316, 748 A.2d 372 (2000) (remanding matter to trial court for resolution of factual issues relating to issue of mootness pursuant to Practice Book § 60-2).

the action underlying this appeal. The true and attested copies of the releases provided to this court by the plaintiff are dated June 2, 2024, and, on their face, clearly and unambiguously release Felice and Srinivasan from any liability for the allegedly negligent conduct that formed the basis of the claims in the action underlying this appeal. The releases as to both physicians state that it is "the intention of the parties that this settlement forever extinguishes and discharges any claims, actions, and/or causes of actions, which were brought or could have been brought against the [r]eleasee in this [a]ction or which, in any way, relate to this [a]ction," and that the plaintiff would withdraw her action against the physicians with prejudice. We therefore reject the plaintiff's claim that the record is inadequate for us to consider whether this appeal has become moot.

With respect to the merits of the defendant's mootness claim, which the plaintiff has chosen not to address despite opportunities to do so in her reply brief, at oral argument, and in response to the defendant's postargument motion to dismiss; see footnote 8 of this opinion; the law in Connecticut is clear that, "where the liability of a principal for a tort committed by his agent is predicated solely upon the doctrine of respondeat superior, a valid release of either operates to release the other." *Alvarez* v. *New Haven Register, Inc.*, 249 Conn. 709, 715–16, 735 A.2d 306 (1999); see also *Cunha* v. *Colon*, 260 Conn. 15, 19, 792 A.2d 832 (2002) (explaining that, in *Alvarez*, our Supreme Court concluded that "a release executed in favor of an employee operates as a matter of law to release the employer whose sole liability is premised on the doctrine of respondeat superior" because "a principal whose liability rests solely upon the doctrine of respondeat superior and not upon any independent act of the principal is not a joint tortfeasor with the agent from whose conduct the principal's liability is derived" (internal quotation marks omitted)); *Alvarez* v. *New Haven Register, Inc.*, supra, 710–11 (concluding that release executed in favor of employee, releasing employee of all claims relating to her involvement in car accident that

occurred while she was acting in scope of her employment, also released employer, as matter of law, from claims premised on doctrine of respondeat superior). Consequently, this court has held that, when an agent is not liable, any claim of vicarious liability against a principal is rendered moot because no practical relief can be afforded to the plaintiff. See *Tiplady* v. *Maryles*, 158 Conn. App. 680, 700–701, 120 A.3d 528 (concluding that jury verdict finding defendant physician not liable to plaintiff rendered issue of whether physician was apparent agent of hospital moot and barred vicarious liability claim against hospital), cert. denied, 319 Conn. 946, 125 A.3d 527 (2015); *Mazzacane* v. *Elliott*, 73 Conn. App. 696, 701, 812 A.2d 37 (2002) (concluding that, "[u]nder the theory of vicarious liability advanced by the plaintiffs, [the employer] could be liable only if [the employee] were found liable" and, "[b]ecause the jury found that [the employee] was not liable for the accident, the plaintiffs would not be able to recover damages from [the employer]," rendering claim of error relating to vicarious liability of employer moot).

In the present case, the trial court rendered summary judgment in favor of the defendant on the plaintiff's direct negligence claim, and the plaintiff has not challenged that aspect of the court's decision. Thus, the only claims remaining in this appeal pertain to the plaintiff's vicarious liability claim. The plaintiff released Felice and Srinivasan from any liability for the conduct that forms the basis of her negligence claim against them and those releases operated as a matter of law to release the defendant from any claim of vicarious liability for that same conduct. Consequently, a decision on the merits of this appeal could not result in any practical relief to the plaintiff. Where no practical relief can be afforded to the plaintiff, we must dismiss the appeal as moot.

The appeal is dismissed.

In this opinion the other judges concurred.